## DELIA JOHNS v. STATE.

No. A-1383.   Opinion Filed February 1, 1913.

(129 Pac. 451.)

1.   **TRIAL** — Harmless Error — Instructions. Instructions to juries should be considered in the light of the testimony of the case in which they are given, and, where it appears from an inspection of the entire record that the guilt of the accused is conclusively established, errors in the instructions given, which could not have injured the appellant, will not be ground for reversal.

2.   **HOMICIDE—Self-Defense—Mutual Combat.** If a person armed with a deadly weapon voluntarily and unnecessarily enters into a mutual combat for the purpose of getting a pretext to slay his adversary, or if such person has reason to believe that such combat will or may result in death or serious bodily injury to one or the other of the persons engaged therein, then the right of self-defense will not arise in favor of such person, no matter to what extremity he may be reduced during such combat.

3.   **APPEAL—Briefs—Citation of Authorities.** In their briefs, counsel should cite the volume and page of the Oklahoma Reports of all decisions of this state upon which they rely.

(Syllabus by the Court.)

*Appeal from District Court, Hughes County;*
*John Caruthers, Judge.*

Delia Johns was convicted of manslaughter, and appeals. Affirmed.

*Walker & Fancher,* for appellant.

*Chas. West,* Atty. Gen., for the State.

FURMAN, J.  So far as the material questions in this case are concerned, there is no substantial conflict in the testimony. Appellant was the wife of deceased.  By a prior marriage she had become the mother of five children, three girls and two boys. Without going into details, it is sufficient to say that the testimony discloses a wretched state of feeling existing between appellant and the deceased some time prior to the homicide.  The eldest daughter of appellant had left home.  Appellant brought her back.  It appears that the deceased had charged this girl, with a want of chastity.  Appellant stated to several witnesses the day before the homicide that deceased had said to her that, if she did not whip the girl, he would whip her, and appellant further stated that she then informed the deceased that if he did, this would be the last whipping he would ever give her; that she (appellant) would kill him.  It appears from the testimony that on the morning of the homicide a violent quarrel arose between appellant and deceased in which a great deal of improper language was used by both parties.  It also appears that deceased was not armed during this controversy, but that appellant had a gun in her hands, and that during this controversy appellant shot the deceased and killed him.  After the shooting she was asked why she had killed the deceased, and she said, "She had been in hell for seven years, her and her children, and she couldn't get along any longer."

On account of the doctrine of mutual combat, armed with a deadly weapon, and previous threats of appellant to kill the deceased, and the statement made by appellant just after the killing, the evidence in this case does not present the issue of self-defense. The law is that when a person is armed with a deadly weapon and voluntarily and unnecessarily enters into a mutual combat for the purpose of getting a pretext to kill his adversary, or knowing that such combat will or may result in death or serious

bodily injury to one or the other of the persons engaged therein, then in such case the right of self-defense will not arise in favor of such person, no matter to what extremity he may be reduced in such combat. See *Koozer v. State,* 7 Okla. Cr. 336, 123 Pac. 554.

We also think that the court might well have omitted the charge upon manslaughter. It is therefore not necessary to discuss a number of questions raised by counsel for appellant with reference to the instructions of the court, for objections to instructions must always be considered in the light of the testimony in the case. We think that the instructions complained of, while not entirely correct, were beneficial to appellant in that their effect was that they reduced a verdict which should have been for murder to manslaughter.

In the brief of counsel for appellant, numerous decisions of this court are cited, giving the page and volume of the Pacific Reporter upon which they can be found. We have no objection to counsel citing cases in the Pacific Reporter, but when they cite decisions of their own state they should give the volume and page of the state report upon which the cases can be found. We trust that the lawyers of Oklahoma will heed this request in the future.

We find no prejudicial error in the record.

The judgment of the lower court is therefore in all things affirmed.

ARMSTRONG, P. J., and DOYLE, J., concur.