### ED LOGAN v. STATE.

No. A-3817.     Opinion Filed May 5, 1923.
(214 Pac. 944.)

(Syllabus.)

1. **Evidence—Accomplice of Thief—Corroboration.** One charged with the receiving of stolen property may or may not be an accomplice of the thief who stole it. Held in this case, if the testimony of the person who committed the larceny is true, he was an accomplice of the person who received the stolen property, and should be corroborated by other testimony.

2. **Trial—Instruction on Accomplice Testimony—Necessity.** Where a conviction rests largely upon the testimony of an accomplice, it is error for the court to refuse to define the term "accomplice," and error to refuse to instruct the jury that such a witness must be corroborated by other evidence.

Appeal from District Court, Kay County; J. W. Bird, Judge.

Ed Logan was convicted of receiving stolen property, and he appeals. Reversed and remanded, with directions.

Wm. S. Cline and Wm. H. Cline, for plaintiff in error.

The Attorney General and E. L. Fulton, Asst. Atty. Gen., for the State.

BESSEY, J. Ed Logan, plaintiff in error, here referred to as the defendant, was on January 19, 1920, by a verdict of a jury found guilty of the crime of receiving stolen property. Judgment was pronounced by the court on January 28th, assessing his punishment at confinement in the state penitentiary for a term of two years. From this judgment defendant appeals.

The defendant for many years had been a farmer in Kay county, but had recently moved to Newkirk, where he was engaged in the automobile livery business. A part of this business, as conducted by him, consisted in carrying men who handled oil well rigs or derricks. He was in the habit of taking a load of men at midnight to the oil fields and returning with another load whose shift ended at midnight. These men worked more or less intermittently, and when they were not at work in the oil fields defendant sometimes employed some of them to drive one or more of his taxies, among whom was Frank Warriner, one of the witnesses for the state in this case.

According to the defendant's testimony, Warriner returned from Arkansas City at about 10 o'clock one morning and reported that he had taken some passengers to Arkansas City and had had a blow-out, and that he bought a tire in Arkansas City, at the Cribbs garage, to replace the ruined tire, paying therefor the sum of $17.50. The defendant asked Warriner how much he had received as passenger hire, and Warriner told him $5.00. The defendant then went into the Newport Cafe, which was also his taxi headquarters, and paid Warriner $12.50, the difference between the fares received and the cost of the tire. A few days later, while the

automobile on which this tire had been placed was standing in front of the Newport Cafe, a deputy sheriff said to the defendant that he believed that defendant had a stolen tire on his car. After some conversation the defendant offered to show by Warriner how he had acquired the tire.

It was the theory of the state, and there was some evidence to support it, that the defendant, Warriner, and a man by the name of Elroy had agreed among themselves that, if Elroy and Warriner would steal automobile tires, the defendant would find a place for the sale and disposal thereof, and that they would all share in the proceeds; that, pursuant to this arrangement, Warriner and Elroy stole eight tires from C. A. Howland, out of his garage at Newkirk, and that the defendant found sale for these tires at the Cribbs garage in Arkansas City, where they were delivered by Warriner according to an agreement with defendant; that defendant was guilty of receiving the particular tire found on his automobile from Warriner, who had obtained it from the Cribbs garage.

But three witnesses testified for the state. C. A. Howland, the owner of the particular tire here in issue, identified the tire as belonging to him and said that it had been stolen some time prior to its discovery, by persons unknown to him. Warriner had been arrested for the theft of these tires, but the case against him for this offense and another felony charge that had been pending against him had been dismissed before the trial of this defendant. Warriner testified that he, Elroy, and the defendant had agreed to and participated in the theft of the eight tires stolen from Howland and in their disposal at the Cribbs garage. This self-confessed thief further testified that his sole mission in going to Arkansas City in defendant's car on the morning in question was to dispose of the tires, and that he carried no passengers on that trip, that one of

the tires on the car he was driving blew out a short distance from Arkansas City, and that he returned to that city and replaced it without paying Cribbs anything for the tire. Other details concerning the discovery of the tire and the division of the money need not be related. The third, witness for the state, Deputy Sheriff Bain, testified that, when he accused the defendant of having a stolen tire on his car and asked him where he got it, the defendant became angry at being accused, as he thought, of stealing the tire, and at first refused to make any explanation to Bain, but presently cooled off and told the deputy sheriff that Warriner bought the tire at Arkansas City; that Warriner had reported to him that he had taken some passengers to Arkansas City and had had to get a new tire. Defendant offered to go with Bain to see Warriner, and together they did go to Blackwell for that purpose. After interviewing Warriner, defendant offered to take Bain to Arkansas City to see Cribbs, but Bain declined to go.

From this outline of the evidence it appears that Warriner, according to the state's theory and evidence, was an accomplice with the defendant both in the theft of the tire in question and in the receiving of the stolen property by the defendant, knowing it to have been stolen. It has been held by this and other courts that an accessory to the theft of stolen property is not necessarily an accessory to the receiving of the stolen property, but this is not always true. In this case it is clear, if the evidence of Warriner is to be believed, that Warriner was an accessory with the defendant in both the theft and the unlawful receiving of this stolen tire. He was an accessory before the fact. The rule might be different if he were merely an accessory after the fact. If the state elects to stand upon the unsupported testimony of a self-confessed thief, it will be bound by his testimony as a whole. The state will not be permitted to adopt such parts as are favorable and expunge

such parts as are unfavorable, so as to make it appear that the witness was not an accomplice.

At the close of the state's testimony the defendant made a motion that the court instruct the jury to return a verdict of not guilty because of the insufficiency of the evidence. The motion was overruled, and an exception allowed. We think the overruling of this motion was error, for the reason that all of the testimony pointing to the guilt of the accused was the testimony of Warriner, an accomplice, and his testimony was in no way corroborated by the testimony of the state's other two witnesses tending to connect the defendant with the crime charged.

After the testimony of the defendant and his witnesses had been heard by the jury and the cause submitted to them for their consideration, the defendant requested the following instructions:

"You are further instructed that a conviction cannot be had upon the testimony of an accomplice unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense charged or the circumstances thereof."

"You are instructed that an accomplice is a person who is connected with the crime by unlawful act or commission on his part transpiring either before or at the time of the commission of the offense."

"You are further instructed that, if from the evidence you believe that the witness Frank Warriner was an accomplice of the defendant, Ed Logan, in the crime of receiving stolen property, then this evidence alone, unless it be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, is not sufficient to convict, and your verdict should be for the defendant."

These instructions were by the court refused, and no instructions were given covering the law relating to the testimony of an accomplice. The instructions requested, or some instructions relating to this issue, should have been given.

In view of these two errors other assignments of error need not be discussed.

For the reasons given, the cause is reversed and remanded, wtih directions to grant accused a new trial.

MATSON, P. J., and DOYLE, J., concur.