On October 12, 1921, W.M. Motsenbocker, plaintiff in error, was by a verdict of a jury in the superior court of Pottawatomie county found guilty of receiving *Page 307 
stolen property, to wit, a Ford touring car, with his punishment fixed at confinement in the penitentiary for a term of five years.
On June 6, 1921, a Ford touring car was stolen from S.I. Lewis, taken from his private garage at Romulus. A few days later it was found in a public garage at Shawnee. The body and wheels of this car when stolen were clean; when the owner found the car in Shawnee other wheels, covered with mud and with a different kind of rim, had been substituted. The clean wheels originally belonging to this car were found on another car, a muddy car, in this public garage, and other changes had been made including the filing away of the original engine numbers and substituting numbers made by steel stencils. The defendant claimed this stolen car by virtue of a purchase from Edward Elkins, stating that Elkins sold it to him for $450, under an assumed name, as evidenced by a bill of sale in defendant's possession.
Edward Elkins, a young man 22 years of age, a resident of Geary, Okla., testified in substance that he had known the defendant for about six months prior to the time the car was stolen; that he met defendant in the streets of Shawnee, where he told defendant that he was planning to go to the harvest fields to work. Defendant discouraged him by saying that wages in the harvest fields were low and that the witness could make more in one night than he could by working all through the harvest season. Defendant offered to pay the witness $150 for each car he might steal and deliver at the Norton garage in Shawnee. Witness was directed to change the numbers on the engines with stencils furnished by the defendant.
Acting upon this agreement, the witness Elkins stole the Lewis car and placed it in the garage as directed, and delivered the garage ticket to the defendant. Defendant asked him if the numbers had been changed, and witness *Page 308 
told him that he had had no opportunity to change the numbers. For that reason defendant refused to pay witness $150, but said he would, and did, pay him $110 privately on the street in Shawnee. At the request of the defendant witness gave him a bill of sale for the car, executed under an assumed name. Before this trial witness had entered his plea of guilty to an information charging him with the larceny of the car, and was then serving his sentence in the Granite reformatory. It was shown by the testimony of other witnesses that the consideration named in the bill of sale was $450, and that the defendant paid the witness this sum, or some amount of money, at the office where the bill of sale was executed.
The chief reason urged by the defendant why this conviction should be set aside is that Elkins, who admitted he stole the car pursuant to a previous arrangement with the defendant, if his story be true, was an accomplice with the defendant in receiving the stolen car, and that his testimony is not sufficiently corroborated to sustain this conviction. In the majority of the states which have passed on the question the rule is that a thief is not an accomplice of one who subsequently receives the stolen property, within the rule requiring corroboration of the testimony of an accomplice. Notes and annotations to Leon v. State, 9 A.L.R. 1397.
The courts of some of the states have gone so far as to hold that this applies to cases where there was a previous arrangement between the thief and the person receiving the stolen property for the theft and delivery of the stolen property to the one charged with receiving it. Leon v. State,21 Ariz. 418, 189 P. 433, 9 A.L.R. 1393; People v. Feinberg,237 Ill. 348, 86 N.E. 584; Wharton, Criminal Law (2d Ed.) vol. 2, § 1232.
Our own court has held, in Mayes v. State, 11 Okla. Cr. 61,142 P. 1049, that ordinarily the thief who steals *Page 309 
the property is not an accomplice of the one who receives it from him, knowing it to be stolen; that the thief and the receiver are each independent criminals, guilty of separate and distinct offenses. In this case it is further held that the test by which to determine whether one is an accomplice is to ascertain whether or not he could be indicted for the offense for which the accused is on trial.
We think this test is a good one, resting upon sound reason, and applied to the facts in this case, or in any case where the thief and the receiver of the stolen goods conspire together to steal the property with a prearranged plan for the one who actually commits the theft and makes the asportation to deliver the property to the other at an agreed time and place, the receiver of the stolen goods is an accomplice in the theft, and the thief is likewise an accomplice of the other in the commission of the offense of receiving stolen property. In this particular case the thief aided, abetted, and assisted the receiver of the stolen property in receiving it. He placed the stolen car in the garage where he had been directed to take it; he took the garage receipt and delivered it to the receiver; and he executed a bill of sale to the receiver in order to aid him to conceal the car's true ownership.
For this reason we say that each is an accomplice of the other, for each might be prosecuted as a principal for either the theft or for the receiving of stolen property. Although each was guilty of committing both crimes, the prosecuting attorney had a right to elect as to which of them should be prosecuted for theft and which for receiving stolen property.
The rule as to accomplices, above announced, would apply in cases where there had been no previous arrangement or conspiracy between the two for one to steal and deliver stolen property to the other, or where the thief did not aid and assist the receiver, as was done in this case. *Page 310 
White v. State, 23 Okla. Cr. 198, 214 P. 202; Logan v. State,23 Okla. Cr. 316, 214 P. 944; Buttry v. State,18 Okla. Cr. 330, 194 P. 286; Price v. State, 9 Okla. Cr. 359, 131 P. 1102.
The testimony of Elkins, moreover, was corroborated in the following particulars: It was shown that the car in question was stolen from its owner a few days before the defendant received it; that the accomplice was known to the defendant, and that he took from him a bill of sale signed with an assumed name; that the car when stolen had clean wheels, with regulation rims on it, and when found at the garage it had muddy wheels with demountable rims, an extra tire and carrier and a motometer, and that standing in the garage near this stolen car was another Ford from which the muddy wheels had been taken and placed on the stolen car; and that the engine numbers on the stolen car had been recently changed, and there were fresh filing marks and stencilled numbers apparent. The defendant did not take the stand to explain any of these incriminating circumstances. The corroboration of the story of the accomplice was sufficient.
Defendant complains that no instructions were given upon the subject of corroboration. The record shows that none were requested by the defendant. Perhaps the court should have given such an instruction on his own motion, but, in view of the fact that the story of the accomplice was so well corroborated, this omission, if error it was, was not prejudicial to the defendant.
The judgment of the trial court is affirmed.
DOYLE, J., concurs.
MATSON, P.J., concurs in the result. *Page 311