## LON CHEEVES v. STATE.

No. A-8411.    Sept. 30, 1932.
Rehearing Denied Oct. 21, 1932.
(15 Pac. [2d] 1045.)

Phillips & Boner and J. B. O'Bryan, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the district court of the crime of receiving stolen property, and his punishment fixed by the jury at imprisonment in the state penitentiary for a period of five years.

It is first contended that the information is insufficient to charge the offense. No demurrer was filed to this information and no objection made to the introduction of evidence thereunder. The information is in the usual form, and was sufficient to charge the offense.

It is next contended that the court erred in refusing to give defendant's requested instruction that the witness Carman was an accomplice of defendant, and that his evidence must therefore be corroborated.

It appears from the record that Carman and one Twitt, who were residents of Ardmore, burglarized the store of C. B. Tanner in that city, without being aided or abetted by defendant in the commission of the offense and without any knowledge on the part of defendant that such offense was to be committed; that they took the stolen property to the home of one Brumbelow, in the town of Mansville, all without any knowledge, assistance, or encouragement by defendant, and that the first defendant knew about the burglary of the store or the stolen property was when Carman approached him about buying some of it.

While the receiver of stolen property and the thief may be accomplices, one of the other, it is only where there is a previous arrangement or conspiracy to steal property and buy it, or where the thief aids the receiver in the concealment of the property, that they may be accomplices. Motsenbocker v. State, 29 Okla. Cr. 305, 233 Pac. 487.

None of the evidence in this case discloses any facts which would make Carman an accomplice of defendant, or defendant an accomplice of Carman. Under the evidence in this case, the thief was not an accomplice of de-

fendant in the receiving of the stolen property. Mayes v. State, 11 Okla. Cr. 61, 142 Pac. 1049; Buttry v. State, 18 Okla. Cr. 330, 194 Pac. 286; White v. State, 23 Okla. Cr. 198, 214 Pac. 202; Logan v. State, 23 Okla. Cr. 316, 214 Pac. 944; Key v. State, 38 Okla. Cr. 169, 259 Pac. 659; McDowell v. State, 45 Okla. Cr. 93, 281 Pac. 600.

Complaint is next made that the court erred in giving instruction No. 4.

This instruction is not formulated in the best language and most explicit terms, but there is nothing in it that could have in any wise prejudiced the rights of the defendant.

This court has repeatedly held that it will not reverse a case for misdirection of the jury, unless it appears from the whole record that the defendant has been prejudiced thereby. Carter v. State, 6 Okla. Cr. 232, 118 Pac. 264; Johns v. State, 8 Okla. Cr. 585, 129 Pac. 451; Felas v. State, 16 Okla. Cr. 631, 185 Pac. 839; Quick v. State, 51 Okla. Cr. 121, 299 Pac. 242; Greenwood v. State, 51 Okla. Cr. 74, 299 Pac. 248.

Finally, it is contended that the court erred in refusing to permit defendant to offer proof in support of his motion for a new trial on the ground of misconduct of the jury in arriving at their verdict. The particular ground reads as follows:

"That the jury to which the case was submitted was guilty of misconduct prejudicial to the substantial rights of the defendant, in this: That in their deliberations upon the case, and before their arrival at a verdict, and while a portion of the jury were still unwilling to return a verdict of guilty, and as an inducement to said portion of the jury so adverse to a verdict of guilty, said portion of the jury favorable and urging a verdict of guilty, pro-

posed and held out the inducement that they the said jurors favoring a conviction, that they would use their influence with the court and the county attorney that all persons concerned in the taking of the alleged stolen property should be duly prosecuted in good faith in the court, and upon such inducement and promise said jurors were induced to agree to a verdict of conviction, and not upon the honest convictions and opinion of said jurors so opposing a conviction on the evidence submitted and admitted by the court, of which action of said jury the defendant is ready to submit proof."

It is apparent from a reading of the foregoing that the only persons who would have any knowledge of the facts alleged in such motion would be the jurors themselves. To hear them testify on any matter that inhered in the verdict itself would be to permit them to impeach their own verdict. This court has many times held that this could not be done.

Defendant was a public officer, and had filled this office for some time; the people had a right to have confidence in him; the fact that thieves from another county would approach him in the nighttime and immediately after the commission of the burglary, with confidence that they would be safe in his hands, and that they could dispose of the property through him, makes a bad case. Defendant did not take the witness stand, and made no attempt to explain his connection with the stolen property. When public officers begin to traffic with thieves, the people are without protection.

The evidence overwhelmingly supports the verdict of the jury, and, the punishment assessed being in keeping with the gravity of the offense, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.