## JOE YEARGAIN v. STATE.

No. A-8835.   June 5, 1935.
(45 Pac. [2d] 1113.)

W. M. Thomas, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, J.   The plaintiff in error was tried and convicted for the crime of receiving stolen property upon an information charging him with having on the 1st day of February, 1934, unlawfully and feloniously received from Bob Marshall, for the consideration of $5, "certain Rogers silverware, then and there knowing the same were stolen property."   The jury, by their verdict, fixed his punishment at five years' imprisonment in the penitentiary, and a fine of $250.

A motion to set aside the verdict and for a new trial was made in the court below upon the whole case, which motion was overruled.

To reverse the judgment rendered on the verdict, he appeals.

The record shows, it appearing that the defendant was unable to employ counsel, the court appointed Wm. M. Thomas to defend him.

138

Many errors are assigned. Those argued in the brief are: Errors of the court in denying the petition for a change of venue; in overruling the demurrer to the information; in admitting incompetent and prejudicial testimony; in giving and refusing certain instructions; and that the court erred in refusing to direct an acquittal, for the reason that the witnesses Marshall and Phelps, who confessedly stole the silverware, were accomplices.

The evidence shows that, on or about the 1st of February, 1934, the defendant, Joe Yeargain, had a barber-shop and pawnshop on South Main street, in the city of Miami. On his trial, two 19 year old boys, Bob Marshall and Rolla Phelps, appeared as witnesses for the state, testifying that on that date they went to defendant's place of business and asked him if he would handle some silverware they intended to steal; that he told them he would try to handle it; that they then went to the Masonic Hall in the city and stole a number of pieces of silverware, and returned to the defendant's place with it; that the defendant examined the pieces and told them there was not enough, that they should get some more, and they returned to the Masonic Hall and took some more silverware and delivered it to the defendant; all told, according to their testimony, more than 100 pieces of table silverware; that the defendant gave them $5 for the silverware; that he kept the silverware a day or two, and then made complaint to the boys about having it there in his shop, and told them to get it out. The witnesses further testified they then took the silverware away from the defendant's place and pawned it to other parties who knew nothing of the defendant's connection therewith, and the Masonic Lodge later recovered the silverware from other persons. It appears that witnesses called to identify the same in the courtroom were unable to do so. There is no evidence in

the record, save and except the testimony of witnesses Marshall and Phelps, tending to show that the defendant ever received the alleged stolen silverware, ever advanced any money on it, turned it back, or in any way tending to connect the defendant with the commission of the offense charged.

There was no testimony offered on the part of the defendant.

At the conclusion of the state's case, the defendant moved for a directed verdict of acquittal on the ground that the evidence was insufficient to convict him of the offense charged, which motion was denied.

The court refused to give a series of instructions presented in behalf of the defendant, based upon the position that the evidence was insufficient to show the commission of the offense charged, and the insufficiency of the evidence to sustain a conviction, and the court refused to instruct the jury upon the law of accomplice testimony.

The information is based upon Penal Code, section 2265, St. 1931, which declares:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

There are no common-law crimes in Oklahoma, and our statute does not include in its definition of the crime anything limiting its application to receiving stolen property from any person, and there may be prosecution there-

for irrespective of the conviction of the thief, or of the question whether he is amenable to 'justice.

The particular thing denounced by the statute is the receiving of stolen property knowingly, and the crime of receiving stolen property, knowing the same to have been stolen, is made a substantive offense and not merely an accessorial one.

It is not necessary to prove that the accused knew from whom the property was stolen, or who stole it, or the circumstances under which it was stolen. The essential elements of the crime consist in receiving property that had been stolen from any other person, knowing such property to have been stolen, each of which must be proven beyond a reasonable doubt by competent evidence, and not alone on the uncorroborated testimony of accomplices. Our Penal Code, St. 1931, § 1808, provides:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

And section 3071, St. 1931, declares:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient if it merely shows the commission of the offense or the circumstances thereof."

The more generally prevailing view is that one by whom the goods in question were stolen is not an accomplice of a defendant on trial under a charge of receiving the stolen goods; but in some jurisdictions the thief is regarded as an accomplice of the receiver.

In this jurisdiction, the thief who steals property and the person who afterwards receives it from him, knowing it to have been stolen, are guilty of separate offenses, and unless more than this be shown, neither is an accomplice in the offense of the other. Pringle v. State, 32 Okla. Cr. 166, 239 Pac. 948; Buttry v. State, 18 Okla. Cr. 330, 194 Pac. 286; White v. State, 23 Okla. Cr. 198, 214 Pac. 202; Mayes v. State, 11 Okla. Cr. 61, 142 Pac. 1049.

The contention of the defendant is that the witnesses, Marshall and Phelps, were accomplices, that their testimony was uncorroborated, and that therefore the court erred in refusing to direct a verdict of acquittal.

Upon careful consideration of the record and briefs, we are of the opinion that the motion for a directed verdict should have been sustained.

When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury on the law of accomplice testimony, and leave the question as to whether or not the witness is an accomplice for the determination of the jury as a question of fact. But where the facts are not in dispute, or where the acts and conduct of the witness are admitted, it becomes a question of law for the court to say whether or not those acts and facts make the witness an accomplice. Where he is admitted to be such, or where the undisputed facts show him to be an accomplice, the court may so charge without invading the rule that the court should not comment on the credibility of any witness. Oudjoe v. State, 12 Okla. Cr. 246, 154 Pac. 500, L. R. A. 1916F, 1251.

Therefore, whenever upon appeal it is contended that the conviction was had upon the uncorroborated testimony

of an accomplice, it is equivalent to the declaration that the verdict is contrary to the law and the evidence, and this is always a legal question.

The term "accomplice" has been defined frequently by the courts, but the various definitions all convey the same idea, which is that an accomplice is one who, with criminal intent, is concerned with others in the commission of a crime, or, as it otherwise has been expressed, whether his participation in the offense was criminally corrupt. People v. Coffey, 161 Cal. 433, 119 Pac. 901, 39 L. R. A. (N. S.) 704.

In the case of Sipes v. State, 36 Okla. Cr. 1, 251 Pac. 511, it is said:

"The term 'accomplice,' as used in section 2701, C. S. 1921 [section 3071 St. 1931], providing that no person shall be convicted of a crime on the testimony of an 'accomplice,' without corroboration, is construed as meaning one culpably implicated in the commission of the crime of which the defendant is accused; in other words, an associate, one who knowingly and voluntarily co-operates, or aids or assists in the commission of the crime."

In the case of Hewett v. State, 38 Okla. Cr. 105, 259 Pac. 144, it is said:

"An 'accomplice' is one culpably implicated in the commission of the crime of which the defendant is accused, or one who knowingly and voluntarily co-operates, aids, abets, or assists in the commission of such crime."

In the case of Key v. State, 38 Okla. Cr. 169, 259 Pac. 659, 660, it is said:

"It is generally held that the person who steals property is not an accomplice of the one who receives the property knowing it to be stolen, that the larceny and the receiving are independent crimes. * * *

"The exception to this general rule is that, where the thief and the receiver of stolen property conspire together in a prearranged plan for one to steal and deliver the property to the other, and pursuant to such plan one does steal and deliver to the other, the receiver is an accomplice of the thief, and the thief is an accomplice of the receiver." Logan v. State, 23 Okla. Cr. 316, 214 Pac. 944; Motsenbocker v. State, 29 Okla. Cr. 305, 233 Pac. 487; Brownell v. State, 33 Okla. Cr. 323, 244 Pac. 65.

In the case of White v State, 23 Okla. Cr. 198, 214 Pac. 202, 205, it is said:

"This conviction rests largely upon the testimony of two self-confessed thieves, the persons who claimed they stole the property and sold and delivered it to the defendant, which they claimed they did pursuant to a previous agreement with the defendant. If this was done pursuant to an agreement, these two witnesses were accomplices whose testimony should be corroborated. If there was no such previous understanding, the mere fact that these two witnesses stole the property and the defendant received it, knowing it to be stolen, would not make the witnesses accomplices of the defendant. The stealing of property and the receiving of stolen property are two separate offenses, and the perpetrators of one offense are not necessarily accomplices of the perpetrator of the other. 1 R. C. L. 162, and cases cited."

It is elementary that if the defendant alone was guilty of larceny, he could not be guilty of receiving the stolen property.

Some authorities, however, hold that one who assists others in the commission of a larceny may be convicted under some circumstances of receiving stolen property.

In the case of Logan v. State, 23 Okla. Cr. 316, 214 Pac. 944, 945, it is said:

"It has been held by this and other courts that an accessory to the theft of stolen property is not necessarily

an accessory to the receiving of the stolen property, but this is not always true. In this case it is clear, if the evidence of Warriner is to be believed, that Warriner was an accessory with the defendant in both the theft and the unlawful receiving of this stolen tire. He was an accessory before the fact. The rule might be different if he were merely an accessory after the fact. If the state elects to stand upon the unsupported testimony of a self-confessed thief, it will be bound by his testimony as a whole. The state will not be permitted to adopt such parts as are favorable and expunge such parts as are unfavorable, so as to make it appear that the witness was not an accomplice."

The Attorney General, conceding that the conviction rests upon the uncorroborated testimony of the two self-confessed thieves, insists that the reasons given for the rule announced in the foregoing cases are not sound, and in his brief states:

"In the case of Motsenbocker v. State, 29 Okla. Cr. 305, 233 Pac. 487, this court for the first time definitely announced the rule in subdivision (a) of the first syllabus that: '(a) But, where the thief and the receiver of the stolen property conspire together to steal the property, with a prearranged plan for the one who actually commits the theft to deliver it to the other at an agreed time and place, and the thief aids and abets the receiver in concealing the property, the thief is an accomplice of the other in the commission of the offense of receiving stolen property.'

"And that the true test is set out in the following subdivision: '(b) The test by which to determine whether one is an accomplice of the other is to ascertain whether or not he could be indicted for the offense for which the accused is on trial'."

Now, we believe it stands to reason that in order to make one a principal to the crime of receiving stolen property (who was not the actual receiver thereof), such other

person must have actually aided and abetted in the act of receiving. It must have been something done more than the delivery of the stolen property to the receiver, or else larceny and receiving stolen property would not be separate and distinct crimes, but under our statutory distinction between "Principals" and "Accessories after the fact," sections 1808 and 1809, Statutes 1931, the thief would be nothing more than an accessory after the fact in receiving stolen property, and not a principal offender therein. We think the court should so state in this case, and revert to the holding announced in Mayes v. State, 11 Okla. Cr. 61, 142 Pac. 1049, and Buttry v. State, 18 Okla. Cr. 330, 194 Pac. 286.

This court, in determining the question of whether one person is an accomplice of another in the commission of a crime, has repeatedly applied the test set out in subdivision (b) of the syllabus in Motsenbocker v. State, supra, and if that test is applied to the evidence in this case, it will be apparent, we think, that neither Marshall nor Phelps could be successfully prosecuted as principals in the crime of receiving the property which they themselves stole. What they did was nothing more than to aid the offender, this defendant, after he had bought and received the stolen property from them, by taking it and concealing it. Under section 1809, supra, they would be accessories after the fact to the crime of receiving stolen property.

All we ask the court to do is to apply that test to the witnesses, Marshall and Phelps, in this case, and we are satisfied the court will hold they are not accomplices of Yeargain.

After careful consideration, we are of the opinion that such insistence is neither good law nor sound reason.

If the testimony of the witnesses, Marshall and Phelps, is to be believed, there was a prearrangement by and between the defendant and said witnesses, and they conspired together, not only to steal the property in question, but also to deliver it to the defendant. Then the defendant would be an accessory before the fact and an accessory after the fact, and said witnesses would be equally guilty of receiving the stolen property.

In the case of State v. Keithley, 83 Mont. 177, 271 Pac. 449, 451, the Supreme Court of Montana said:

"But where, as here, the thief and the receiver of the stolen property conspire together, in advance of the larceny, for one to steal and the other to receive, they are principals, and the thief is an accomplice of the receiver, and vice versa."

The same rule is sanctioned in the case of State v. Coroles, 74 Utah, 94, 277 Pac. 203, holding that:

"In prosecution for receiving stolen property, where testimony of thief showed that defendant requested thief to steal property and deliver it to him, thief was an accomplice within Comp. Laws 1917, § 8992, requiring testimony of an accomplice to be corroborated by evidence tending to connect defendant with commission of offense."

Mr. Justice Folland, speaking for the court, says:

"We have also stated the true reason for the enactment of the statute requiring corroboration of an accomplice in State v. Wade, 66 Utah, 267, 241 Pac. 838. In that case Mr. Justice Cherry, speaking for the court, said: 'The rule of the statute that a conviction cannot be had upon the uncorroborated testimony of an accomplice is based upon the consideration that such testimony comes from a tainted source, and is not entitled to the same credence as the evidence of a witness free from guilt. The essential characteristic of an accomplice is therefore criminal guilt.'

"In the same case, this court quotes with approval the rule stated in People v. Coffey, 161 Cal. 433, 119 Pac. 901, 39 L. R. A. (N. S.) 704, as follows: 'This, then, is the true test and rule: If in any crime the participation of an individual has been criminally corrupt he is an accomplice. If it has not been criminally corrupt he is not an accomplice.'

"The New York Court of Appeals recently and for the first time passed upon this question. That state has a statute similar to ours in its definition of who are principals. The court held that the thief and receiver are accomplices. People v. Kupperschmidt, 237 N. Y. 463, 143 N. E. 256, 32 A. L. R. 447. Reasons which we think are sound are given for this decision as follows:

" 'The test is whether the alleged accomplice can be indicted for the offense. Sometimes as in prosecutions for abortion, the coparticipant is regarded as the victim rather than the perpetrator of the crime (Dunn v. People, 29 N. Y. 523, 527, 86 Am. Dec. 319), or, as in the illegal sale of intoxicating liquors, it is said that the person making the sale is the only one declared by the law to be criminal (People v. Smith, 28 Hun, 626, affirmed in 92 N. Y. 665). But under the Penal Law, § 2, one who aids or abets another in the commission of a crime is a principal, whether he has been previously guilty of an independent crime or not. The receiver cannot take with guilty knowledge unless aided therein by the act of the thief in delivering.

" 'If the proper test is not whether the alleged accomplice is indictable for the same offense, but whether he has taken a guilty part in the commission of the crime (McLaughlin, J., in People v. Hyde, 156 App. Div. 618, 624, 141 N. Y. S. 1089), the same result is reached. Is the act of the thief in delivering the stolen goods to the receiver, under such circumstances as convey the knowledge that they were stolen, an innocent act? It is said that one cannot receive goods which he has himself stolen. Literally, but not in a legal sense, this may be true; but he is none the less "concerned in the commission of the crime" of re-

ceiving, and therefore a principal. Penal Law, § 2. We are dealing with the legislative definition of guilty participation, not with the common meaning of words.' "

In the case of People v. Coffey, supra, the Supreme Court of California held that:

"The test of whether one is an accomplice, within the rule as to accomplice's testimony, is whether his participation in the offense has been criminally corrupt."

Mr. Justice Henshaw, considering what acts or facts fix this relationship or characteristic upon a witness, uses the following language:

"One is an accomplice in a crime because of the part that he has taken in it, not because he may be indicted as a principal. The latter is a mere accidental circumstance, depending upon the language of the statute, and in no way affecting the true touchstone, namely, the part which the accomplice has taken in the offense. The judicial declaration that, under a statute such as our section 31 of the Penal Code, all accomplices may be indicted as principals, is perfectly sound. But the attempted reasoning from this that if a person cannot be indicted as a principal, he is, therefore, not an accomplice, is absolutely fallacious. * * *

"At common law the accomplice could not be indicted for the same crime, yet he was none the less an accomplice. The declaration that one is an accomplice if he can be indicted for the same crime charged against the defendant on trial is perfectly sound; but the converse of the declaration, namely, that, if he cannot be indicted for the same crime, he is not an accomplice, is the merest sophistry, which, ignoring the true test and meaning of the word, seeks to turn shadow into substance. That test and meaning, as we have said, are expressed in section 31 of the Penal Code. If a man has committed a crime, if he has aided and abetted in its commission, if he has advised or encouraged its commission, he is an accomplice with all other participes criminis."

It follows from what has been said this case was tried and submitted to the jury upon an erroneous theory of the law, prejudicial to the substantial rights of the defendant.

And in the absence of some independent proof that the defendant ever came into the possession of the alleged stolen silverware, we are of the opinion that the evidence was entirely insufficient to sustain the conviction.

Having reached this conclusion, we deem it unnecessary to discuss the other errors presented in the brief.

For the reasons stated, the judgment appealed from is reversed, and the cause remanded, with direction to dismiss.

DAVENPORT, P. J., and EDWARDS, J., concurring.