## RUFF STINNETT v. STATE.

No. A-8952.  Nov. 22, 1935.
(52 Pac. [2d] 113.)

Toby Morris, Walter Hubbell, and Wm. T. Powell, for plaintiff in error.

Mac Q. Willamson, Atty. Gen., and Jess L. Pullen, Asst. Atty. Gen., for the State.

DAVENPORT, P. J.  The plaintiff in error, for convenience hereinafter referred to as the defendant, was convicted upon a charge of receiving stolen property, knowing the same to have been stolen, and was sentenced to serve one year and one day in the state penitentiary.

It appears from the record that the Cotton County Wholesale Grocer Company was entered on the 12th day of May, 1933, and 25 cartons of cigarettes taken therefrom, and some tobacco; Jack Petty and Riley York were arrested charged with burglarizing said grocer company, and

both testified for the state against the defendant, and testified they delivered the cartons of cigarettes to the defendant's home, excepting 3 cartons.

York and Petty both testified they knew the defendant, and that one of them lived at the defendant's house for a few days and used the defendant's car whenever he wished to use it; they also testify they had driven back and forth with the defendant to different places. Some testimony was permitted to be introduced, over the objection of the defendant, as to the burglary of a meat market some time prior to the time Riley York had been living at defendant's home, and York testified he took a ham to defendant's home, which is denied by the defendant, his sister, and mother. Neither of the state witnesses trace any of the property directly in the possession of the defendant, and none was found at his home.

The defendant testified he knew nothing about the burglary; had nothing to do with it; and none of the property was brought to his home. The only effort the state made to connect the defendant with the burglary by showing he received the property knowing it had been taken from the wholesale grocer company, was by the testimony of York and Petty, confessed burglars of the wholesale grocery, and other burglaries in and around the city. There is no denial that he knew these boys, and that while York was living at his place for a few days he drove his car several times.

In the view we take of this record it would serve no useful purpose to set out in detail the testimony.

The defendant in his motion for a new trial and petition in error assigns the following errors:

"1. The verdict is contrary to the law and the evidence introduced in the case above mentioned.

"2. The court erred in the decision on questions of law arising during the course of the trial, and misdirected the jury in matters of law.

"3. The court erred in refusing to give an instruction requested by the defendant."

The main question to be determined is, Is there sufficient competent testimony to sustain the conviction? The essential elements necessary to sustain a conviction of a crime of which the defendant was tried consists in receiving the property that had been stolen from another person, knowing such property to have been stolen, each of which must have been proven beyond a reasonable doubt by competent evidence, and not alone on uncorroborated testimony of accomplices.

Section 2265, O. S. 1931, is as follows:

"Every person who buys or receives, in any manner, upon any consideration, any personal property of any value whatsoever, that has been stolen from any other, knowing the same to have been stolen, is punishable by imprisonment in the penitentiary not exceeding five years, or in the county jail not exceeding six months, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

Section 1808, O. S. 1931, is as follows:

"All persons concerned in the commission of crime, whether it be felony or misdemeanor, and whether they directly commit the act constituting the offense, or aid and abet in its commission, though not present, are principals."

Section 3071, O. S. 1931, is as follows:

"A conviction cannot be had upon the testimony of an accomplice, unless he be corroborated by such other evidence as tends to connect the defendant with the commission of the offense, and the corroboration is not sufficient

if it merely show the commission of the offense or the circumstances thereof."

This court, in Key v. State, 38 Okla. Cr. 169, 259 Pac. 659, in the second paragraph of the syllabus, said:

"Ordinarily, the thief is not an accomplice of one who receives the stolen property knowing it to be stolen, but, where there is a previous arrangement between the thief and the receiver by which one is to steal the property and the other to receive it, and pursuant to such plan the property is stolen and received, the receiver is an accomplice of the thief, and the thief is an accomplice of the receiver, and in such case corroboration of the testimony of the accomplice is necessary."

The contention of the defendant is that the witnesses, Petty and York, were not corroborated by any one; that according to their statements they were accomplices of the defendant, and were uncorroborated, and therefore the court erred in refusing to sustain his motion for a new trial. When the question of an accomplice arises in the trial of a case, the general and accepted rule is for the court to instruct the jury on the accomplice's testimony, and leave the question as to whether or not the witness is an accomplice to the determination by the jury as a question of fact.

In Motsenbocker v. State, 29 Okla. Cr. 305, 233 Pac. 487, this court for the first time definitely announced the rule in subdivision (a) of the first syllabus, that:

"(a) But, where the thief and the receiver of the stolen property conspire together to steal the property, with a prearranged plan for the one who actually commits the theft to deliver it to the other at an agreed time and place, and the thief aids and abets the receiver in concealing the property, the thief is an accomplice of the other in the commission of the offense of receiving stolen property."

In the case of State v. Keithley, 83 Mont. 177, 271 Pac. 449, 451, the Supreme Court of Montana said:

"But where, as here, the thief and the receiver of the stolen property conspire together, in advance of the larceny, for one to steal and the other to receive, they are principals, and the thief is an accomplice of the receiver, and vice versa."

Yeargain v. State, 59 Okla. Cr. 136, 45 Pac. (2d) 1113, and cases therein cited.

In the absence of some independent proof that the defendant came into possession of the stolen property, we are of the opinion that the evidence was entirely insufficient to sustain the conviction. It follows from what has been said this case was tried and submitted to the jury upon an erroneous theory of the law and evidence, prejudicial to the rights of the defendant. Upon a careful consideration of the record and briefs, we are of the opinion that the motion of the defendant for a new trial on the ground that the evidence was insufficient to sustain the verdict, and the court erred in not properly declaring the law, should have been sustained.

For the reasons stated, the judgment appealed from is reversed, and the case remanded, with directions to dismiss, unless the state can produce further testimony tending to connect the defendant with the crime independent of the testimony of the uncorroborated accomplices.

EDWARDS and DOYLE, JJ., concur.