## Collins *v.* State.

*(Nashville*, December Term, 1935.)

Opinion filed Dec. 16, 1935.

GEO. N. BARNES and D. A. VINES, both of Johnson City, for plaintiff in error.

NAT TIPTON, Assistant Attorney General, for the State.

MR. JUSTICE CHAMBLISS delivered the opinion of the Court.

Collins was convicted under an indictment charging him with receiving stolen wheat, knowing it to be stolen, and with unlawful intent. The trial judge held a search warrant under which the officers searched the defendant's premises invalid and excluded the testimony of these officers as to what they found; also apparently excluded testimony given by the owner of the wheat, not an officer, who was present with the officers when the search was made. The state took no exception to this ruling, and we therefore treat all this testimony as excluded.

■■ In this situation the state relied for conviction on (1) statements or admissions made by Collins himself to testifying witnesses, and (2) the testimony of witness Whitaker, one of the party of young men who stole the wheat from the barn of the prosecutor and conveyed it by truck to the barn of Collins. He testifies this was done by prearrangement with Collins, who was to sell it and divide the proceeds with the three young thieves. Two of them had been convicted when this trial took place. Whitaker details circumstantially the theft and transportation of the wheat to Collins' barn. His testimony is partially corroborated as to the transportation, particularly as to an incident of unloading the truck at a point on the road, by the owner who followed the tracks, but this corroboration fails to include the essential of identification.

It is urged that this witness, Whitaker, is shown by his own testimony to have been an accomplice; and that there is no sufficient corroboration in the record to sustain a conviction. Whitaker was a participant in the theft of the wheat, a substantive offense distinct from that with which the defendant herein stood charged. As said by DEADERICK, C. J., in *Harris* v. *State*, 7 Lea (75 Tenn.), 124, page 127: "A receiver of stolen goods is guilty of a substantive felony, as principal, and not as an accessory after the fact, to the stealing." In that opinion it is pointed out that the robbery and the receiving of stolen goods are two distinct substantive offenses, and it was held that one guilty of the receiving was not an accomplice of a participant in the robbery. So, in *Roach et al.* v. *State*, 5 Cold., 39, 50, to the same effect, "The receiving of stolen property is a distinct and independent felony." In this view it is said for the

state that Whitaker was not an accomplice within the rule requiring corroboration, and that his testimony was competent, without corroboration, his admitted complicity in the larceny going to the weight only of his testimony. But it will be noted that in the Harris Case the witness was receiver, while here the witness was the thief who delivered the goods to the receiver. In full notes in 9 A. L. R., p. 1397, and in 32 A. L. R., p. 449, the rule is discussed, and while some courts hold broadly that a participant in one of these offenses is a competent witness without corroboration against a participant in the other, other courts take a distinction and apply the rule only when the witness is the receiver, on the theory that a thief who delivers the goods stolen to another for concealment and disposition is an aider and abettor of the receiver, and guilty of this offense also. We think this distinction, perhaps, has peculiar force when it appears, as it does here, that the witness testified that he stole the goods under a prearrangement with the defendant which called for delivery to him of the stolen property, and that his delivery of it to the defendant was pursuant to this arrangement. We hold, therefore, that, on the facts of this case, corroboration of Whitaker was necessary. However, we think it clear that this corroboration was abundantly supplied by the admissions of Collins himself made before the trial.

It is urged that the trial judge improperly admitted testimony as to these statements or admissions of the defendant against interest, because made by the defendant (1) at the time of and in connection with an unlawful search of defendant's premises; and (2) at a preliminary hearing before a magistrate without advice as to his rights and upon inducing promises of immunity.

An examination of these statements discloses that they consisted of accusations against the persons charged with commission of the larceny, coupled with a denial of defendant's participation therein, or of guilty knowledge which would have rendered him criminally responsible. These statements were in no sense confessions, or made against interest, but were rather of a self-serving nature. A confession is an admission or acknowledgment that the accused committed the crime with which he is charged. 1 Bouv. Law Dict. (Third Revision), pp. 588, et seq. It is true that these statements incidentally conceded that the property was found in defendant's possession, but the rule excluding confessions, when not shown to have been made voluntarily, is subject to a well-recognized distinction and limitation particularly applicable to persons charged, as in this case, with the offense of receiving stolen property. Though a confession be improperly obtained, as by hope of reward or threats of punishment, yet, if important facts be discovered by it, so much of it as uncovers or discovers said facts is admissible. In *Deathridge* v. *State*, 1 Sneed, 75, it was said: "Conceding that the confessions were improperly obtained, yet they led to the discovery of goods, supposed to be taken from the store when it was on fire. On this subject, the rule is, that so much of the confession as relates strictly to the fact discovered by it, may be given in evidence; for the reason of rejecting extorted confessions, is the apprehension that the prisoner may have been induced to say what is false; but the fact discovered shows that so much of the confession as immediately relates to it is true. Russell on Cr. 651. It was competent to prove that the prisoner stated or pointed out the place where the goods might be found, and that the goods were

found at the place indicated by him." In the opinion in *Lewis Rice* v. *State*, 3 Heisk., 215, many authorities are cited for this rule that so much of a statement or confession improperly obtained as discloses the place of concealment of stolen property is admissible. The holding in the Rice Case was reaffirmed in *White* v. *State*, page 338 of the same volume. And see *Hudson* v. *State*, 9 Yerg., 408; *Morehead* v. *State*, 9 Humph., 635; *Ann* v. *State*, 11 Humph., 159.

It results that there was no error, and the judgment is affirmed.