[Crim. No. 4550. In Bank. Dec. 28, 1944.]

THE PEOPLE, Respondent, v. TOTO LIMA, Appellant.

J. Oscar Goldstein, Seth Millington and Raymond D. Williamson for Appellant.

Robert W. Kenny, Attorney General, David K. Lener and T. G. Negrich, Deputies Attorney General, for Respondent.

GIBSON, C. J.—Defendant was convicted on three counts of an indictment charging him with knowingly buying stolen olives in violation of section 496 of the Penal Code. This is

an appeal from the judgment and the order denying a new trial.

Defendant operates an olive crushing plant in Butte County where he purchases olives from which he produces olive oil for marketing. It is claimed that on each of the three dates specified in the indictment defendant knowingly purchased olives that had been stolen from nearby orchards by the prosecution witnesses Amos and Larkin. Both of these witnesses admitted theft of the olives but only Amos testified to the subsequent purchases by defendant. Larkin was not present with Amos on any of the three occasions when the purchases assertedly were made. The testimony of Amos and of Larkin is uncertain and contradictory in many respects. Defendant denied ever having purchased the stolen olives and they were never seen at his plant. The employees testified that they had never seen either Amos or Larkin in or about the plant at the time of the purported sales to defendant.

The principal question presented on this appeal is whether the admitted thieves were accomplices of defendant as alleged receiver of the stolen property so as to require corroboration of their testimony. The determination of this issue turns on the admission of the thieves that the olive thefts and the subsequent sales to defendant were the result of a prior arrangement or understanding among them. Amos testified that the thefts from the D'Amico, Superior and Mitchell orchards, covering the olives involved in the three counts of the indictment, and defendant's subsequent purchase thereof, were all pursuant to an agreement and understanding he had with defendant in the early part of the olive season wherein defendant agreed to buy all the stolen olives the witness and Larkin could bring in.

It is now settled in this state that the thief and the receiver of stolen property are not accomplices (*People* v. *Burness*, 53 Cal.App.2d 214, 218-219 [127 P.2d 623]). This is so, because the receiver usually has no part in the theft, directly or indirectly, and the criminal act of knowingly receiving the stolen property occurs independently thereof and at a time subsequent to the completion of the asportation. And conversely, it has been said that inasmuch as a thief cannot receive from himself, he cannot be an accomplice of the receiver. The thief and the receiver are therefore generally said to be guilty of separate and distinct substantive

offenses, and not being "liable to prosecution for the identical offense" are not accomplices within the meaning of that term as defined in section 1111 of the Penal Code.

■ There is, however, a well-established exception to this general rule. The rule and the exception are stated in 2 Wharton's Criminal Evidence 1248-1250, section 741, where it is said that "Some contrariety of opinion exists as to whether a thief is to be considered as an accomplice of a defendant charged with receiving stolen property, or vice versa, within the rule requiring corroboration of the testimony of an accomplice. In the majority of the jurisdictions which have passed on the question, the tenor of the decisions is to the effect that such persons are not accomplices of each other. For example, in a prosecution for larceny a person who was not present and did not participate in the taking or asportation of the property stolen, or aid or abet therein, but who, subsequent thereto, with guilty knowledge that it was stolen property, aided in the disposition and concealment of the same by transporting it into another county is not an accomplice of the thief. The reason usually advanced for this result, in jurisdictions which hold that the thief and the receiver of stolen goods are not accomplices of each other, is that they are guilty of different crimes, and could not be indicted for the same offense. Following this reason to its logical conclusion then, an exception to this general rule has ensued where the thief and the receiver of stolen property conspire together in a prearranged plan for one to steal and deliver the property to the other, and pursuant to such plan one does steal and deliver to the other; it is held in this case that the receiver is an accomplice of the thief, and the thief is an accomplice of the receiver. . . ." (See also 45 Am.Jur. 402, § 17.)

The following cases have recognized this exception to the rule: *White* v. *State,* 23 Okla.Cr. 198 [214 P. 202, 205-206] ; *Logan* v. *State,* 23 Okla.Cr. 316 [214 P. 944, 945] ; *Motsenbocker* v. *State,* 29 Okla.Cr. 305 [233 P. 487, 488-489] ; *Brownell* v. *State,* 33 Okla. 323 [244 P. 65, 66] ; *Yeargain* v. *State,* 57 Okla.Cr. 136 [45 P.2d 1113, 1116-1118] ; *Grady* v. *Commonwealth,* 237 Ky. 156 [35 S.W.2d 12, 13] ; *Collins* v. *State,* 169 Tenn. 393 [88 S.W.2d 452, 453] ; *Cheeves* v. *State,* 54 Okla.Cr. 133 [15 P.2d 1045] ; *State* v. *Keays,* 97 Mont. 404 [34 P.2d 855, 862] ; *Vogler* v. *Commonwealth,* 255 Ky. 506,

511 [75 S.W.2d 9, 11]; *Lizar* v. *State,* 74 Okla.Cr. 368 [126 P.2d 552, 558-559].

When there has been a conspiracy or prearranged plan between the thief and the receiver, the conspirators have been held to be accomplices even where, as is necessary under our statutory definition of accomplices (§ 1111, *supra*), the test is whether they are liable to prosecution for the identical offense or offenses. It was held in *Motsenbocker* v. *State,* 29 Okla.Cr. 305 [233 P. 487], "that ordinarily the thief who steals the property is not an accomplice of the one who receives it from him, knowing it to be stolen; that the thief and the receiver are each independent criminals, guilty of separate and distinct offenses . . . *that the test by which to determine whether one is an accomplice is to ascertain whether or not he could be indicted for the offense for which the accused is on trial.* We think this test is a good one, resting upon sound reason, and applied to the facts in this case, or in any case where the thief and the receiver of the stolen goods conspire together to steal the property with a prearranged plan for the one who actually commits the theft and makes the asportation to deliver the property to the other at an agreed time and place, the receiver of the stolen goods is an accomplice in the theft, and the thief is likewise an accomplice of the other in the commission of the offense of receiving stolen property. . . . For this reason we say that each is an accomplice of the other." (Italics added.)

In our opinion, reason supports the exception recognized in the cited cases and texts. An accomplice has been defined as one "who knowingly, voluntarily and with common intent with the principal offender unites in the commission of the crime." (*People* v. *Shaw,* 17 Cal.2d 778, 798, 799 [112 P.2d 241]; *People* v. *Wilson, ante,* p. 341 [153 P.2d 720]). ▮ Where, as here, the prosecution evidence discloses the existence of a conspiracy or agreement whereby the principal prosecution witnesses were to steal and defendant was to purchase the stolen property, it is both logical and reasonable to hold that they are accomplices in the offense or offenses resulting from execution of such plan. If we were to allow the conspiracy element to be disregarded and the accomplice relationship thereby eliminated, the prosecution could circumvent the rule requiring corroboration of accomplice witnesses. We conclude, therefore, that Amos and Larkin, the

principal prosecution witnesses, by virtue of their admissions must be held to be accomplices whose testimony, standing uncorroborated, will not support defendant's conviction.

In the recent case of *People* v. *Clapp*, 24 Cal.2d 835 [151 P.2d 237], we had before us the question whether a woman submitting to an abortion or soliciting it is an accomplice of the abortionist. The commission of the crime involved the participation of the willing and cooperating woman and the defendant abortionist. We announced the rule that where the commission of a crime as defined in a statute requires participation of two or more persons but prescribes punishment for the acts of certain of the participants only, and another statutory provision prescribes punishment for the acts of others not subject to the first provision, the acts so distinguished are punishable as a separate and distinct crime and the statutory provision specifically defining the separate crime supersedes the general provisions of section 31 of the Penal Code which makes a person who aids and abets in the commission of any crime a principal therein. The present case, however, does not relate to a situation where different statutory provisions separately prescribe punishment for the acts of certain participants in a crime. On the contrary, the same sections of the Penal Code, namely, 489-490 (theft) and 496 (receiving stolen property), provide for the punishment of the acts perpetrated by each and all of the parties in execution of the conspiracy or prearranged plan to deprive owners of their olives. Section 31 of the Penal Code is therefore applicable to each of them since there is no provision superseding that section. And while, as stated above, the prosecution under the peculiar facts of this case may have had a right to elect which of the group should be prosecuted for theft and which for receiving stolen property, it could not thereby eliminate the conspiracy element and resulting accomplice relationship.

Evidence corroborative of an accomplice must tend directly and immediately to connect the defendant with the commission of the offense. (*People* v. *Shaw*, 17 Cal.2d 778, 803 [112 P.2d 241]; *People* v. *Dail*, 22 Cal.2d 642, 655 [140 P.2d 828].) The record here does not disclose any evidence other than that of the accomplices tending to connect defendant either with the theft or subsequent receiving of the stolen olives. The circumstances that the purchases assert-

edly were made at a late hour of the day and for a price below the market price, while relied on by the prosecution as tending to indicate defendant's guilty knowledge of the stolen character of the olives, were related solely by the accomplices and not by other witnesses corroborating them. The fact that the alleged sales were not reflected in defendant's office records or books proves nothing in the face of defendant's denial that he had made the purchases and the failure of the prosecution to prove by any witness other than the accomplices that the olives ever were brought to or seen at defendant's plant. Under the circumstances, the silence of the records and books with respect to the alleged transactions is more consistent with innocence than guilt, and in no way tends to connect defendant with the crimes charged in the indictment. The fact that defendant's plant was operating under a probationary license from the State Department of Agriculture does not connect defendant with the alleged illegal purchases. Nor do we find any corroboration in the testimony of the witness Firestine. While the witness testified he had seen Amos and Larkin loading sacks of olives at the D'Amico orchard and later had seen and talked with Amos at defendant's plant, he further testified that he did not see the olives there and that his conversation with Amos was out of the hearing of the defendant. In view of the witness' appearance at the plant and his conversation with Amos, defendant's inquiry "if there was anything wrong," appears quite natural. There is nothing in these circumstances tending to connect defendant with the alleged purchase of the stolen olives. ■ It is settled that "more is required by way of corroboration than mere suspicion." (*People* v. *Shaw,* 17 Cal.2d 778, 803 [112 P.2d 241]; *People* v. *Kempley,* 205 Cal. 441, 456 [271 P. 478]; *People* v. *Robbins,* 171 Cal. 466, 476 [154 P. 317]).

■ The evidence that defendant on another occasion had purchased olives from the witness McMullen, wholly fails to connect defendant with the purchases alleged in the indictment nor does such evidence (denied by defendant) tend to establish that the purchases here involved were, in fact, made. The McMullen boy testified that the olives which he assertedly sold to defendant had been gathered by him in a dead and abandoned orchard. In view of this they were probably not stolen olives, but assuming that they were, the

evidence, at the most, discloses a transaction with a different person which was wholly unrelated to the transactions charged in the indictment and was not so inseparately connected that proof of one involved proof of the other. ▮ It is settled that if a defendant admits making the purchase for which he is on trial, but denies knowing that the property was stolen, evidence of other purchases by him from the *same* thief is admissible as tending to establish his knowledge of the stolen character of the property or as tending to show common scheme or plan. (*People* v. *De Vaughn,* 136 Cal. App. 746, 750, 751 [29 P.2d 914]; *People* v. *Burness,* 53 Cal. App.2d 214, 221 [127 P.2d 623].) The De Vaughn case states, however, that evidence showing that a defendant had purchased stolen property from some *other* thief is objectionable when, as here, the transactions are entirely unconnected.

We conclude, therefore, in the absence of any evidence corroborative of the accomplices and tending to connect defendant with the three purchases alleged in the indictment, that the judgment and order denying a new trial must be reversed. ▮ In view of a possible second trial, it is appropriate that we discuss the testimony of the Thelander and Ruiz boys, also relied on as showing other purchases by defendant. These boys testified that they sold stolen olives to Sam Lima, Sr., defendant's cousin and partner. There is no evidence that defendant had any knowledge of such asserted sales, and Lima, Sr. denied purchasing olives from the Thelander and Ruiz boys. There is no authority for the admission of evidence showing the purchase of stolen property by someone other than the defendant. (45 Am.Jur. 409, § 19.) The testimony of Thelander and Ruiz was not objected to nor was a motion made to strike it out, consequently it may not here be held to have been improperly admitted or prejudicial. But, such evidence having no connection whatever with the defendant should not be offered or admitted in evidence on a second trial. ▮ A further error disclosed by the record that should be avoided has to do with an instruction charging the jury, among other things, that "it is your duty, to consider whether he [defendant] has been corroborated by other credible evidence." A defendant need not be "corrobrated" by other evidence, and the jury is free, if it be so minded, to accept his testimony as against any other evidence in the case. Because of the state of the

record, however, this error likewise is not available to defendant but it should be avoided on a retrial.

In view of our conclusion that there must be a reversal because of the total absence of evidence corroborative of the accomplices, we need not consider any of the other several contentions urged by defendant upon this appeal.

The judgment and order denying a new trial are reversed.

Shenk, J., Curtis, J., Edmonds, J., Carter, J., Traynor, J., and Schauer, J., concurred.