THE STATE v. FRED, alias CHRIS KUHLMAN, Appellant.

Division Two, October 31, 1899.

Accomplice: LARCENY: INSTRUCTION. One who is charged and convicted of larceny is not an accomplice with another who is charged with buying and receiving stolen property knowing it to have been stolen. Therefore, it was not error, in the trial of defendant, charged with buying and receiving stolen property, knowing it to have been stolen, to refuse the following instruction asked by defendant: "The jury are instructed that in considering the testimony of the witness Van Leuven, they should take into consideration the fact that he is the self-confessed thief of the property mentioned, and you should consider this in passing upon the credibility of said witness." Especially was it not error to refuse said instruction where the court instructed the jury that they were the judges of the credibility of the witnesses and should take into consideration the character of each witness, his manner on the stand, his interest in the result of the trial, if any, etc., and also as to the presumption of defendant's innocence and reasonable doubt.

*Appeal from St. Louis City Circuit Court.*—HON. P. R. FLITCRAFT, Judge.

AFFIRMED.

G. N. FICKEISSEN for appellant.

The court erred in refusing to give the instruction offered by appellant. (a) In his position as a witness testifying against appellant, William Van Leuven occupied the

attitude of an accomplice. Wharton's Crim. Law (9 Ed.), sec. 982a; People v. Dunn, 7 N. Y. Crim. Rep. 174; State v. Scott, 28 Ore. 331; State v. Carr, 28 Ore. 389; State v. McCoy, 52 Oh. St. 157; Walker v. State, 37 S. W. Rep. 423; Ruffin v. State, 38 S. W. Rep. 169. (b) It is the duty of the court to give a cautioning instruction as to the testimony of an accomplice. State v. Jones, 64 Mo. 391; State v. Walker, 98 Mo. 95; State v. Jackson, 106 Mo. 174; State v. Woolard, 111 Mo. 228; State v. Minor, 117 Mo. 302. (c) If the court considered the instruction offered by appellant faulty, it was its duty to give a proper one. State v. Matthews, 20 Mo. 55; State v. Jones, 61 Mo. 232; State v. Lowe, 93 Mo. 547; State v. Young, 99 Mo. 666.

EDWARD C. CROW, Attorney-General, for the State.

No error existing in refusing the instructions asked by the defendant. Even considering it to be drawn in proper form (which I do not) it simply went to the credibility of the witness, Van Leuven, and the law as to the credibility of the witnesses and the weight to be given their testimony had already been correctly declared in instruction numbered 4, given by the court.

GANTT, P. J.—The defendant was indicted at the October term, 1897, of the circuit court of St. Louis, for knowingly receiving and buying a horse from one William Van Leuven, which had previously been stolen from Randolph See, Jr., in Montgomery county.

He was duly arraigned, pleaded not guilty, and on May 24, 1898, was convicted and sentenced to the penitentiary for two years. His motions for a new trial and in arrest of the judgment having been overruled he has appealed to this court.

There was abundant evidence to sustain the charge.

Practically the only question raised in this court, is the propriety of the circuit court's action in refusing this instruc-

tion asked by defendant: "The jury are instructed that in considering the testimony of the witness Van Leuven, they should take into consideration the fact that he is the self-confessed thief of the property mentioned, and you should consider this in passing upon the credibility of said witness."

The court of its own motion had already instructed the jury as follows:

"Fourth: The jury are instructed that they are the sole judges of the credibility of the witnesses and of the weight to be given to their testimony. In determining such credibility and weight they will take into consideration the character of the witness, his manner on the stand, his interest, if any, in the result of the trial, his relation to or feeling towards the defendant or the prosecuting witness, the probability or improbability of his statements, as well as the facts and circumstances given in evidence. In this connection you are further instructed that if you believe from the evidence that any witness has knowingly sworn falsely to any material fact, you are at liberty to reject all or any portion or such witness's testimony.

"Fifth: The law presumes the defendant to be innocent, and this presumption continues until it has been overcome by evidence which establishes his guilt to your satisfaction and beyond a reasonable doubt; and the burden of proving his guilt rests with the State. If, however, this presumption has been overcome by the evidence and the guilt of the defendant established to a moral certainty and beyond a reasonable doubt, your duty is to convict. If you have a reasonable doubt of the defendant's guilt you should acquit, but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence."

While it is the settled law of this court that the jury are at liberty to convict on the uncorroborated testimony of an accomplice it is equally well settled that the trial court should

instruct the jury that such evidence ought to be received with great caution by the jury, and they ought to be fully satisfied of its truth before they convict upon such evidence alone. [State v. Donnelly, 130 Mo. 642; State v. Wesley Sprague, 149 Mo. 409.]

Defendant invokes these decisions and many others to the same effect to convict the circuit court of error in refusing the instruction asked by him and refused by the court. His contention is that Van Leuven occupied the position of an accomplice toward the defendant, and that the same rule as to instructions on his evidence should be applied as in the case of an accomplice.

"An accomplice is a person who knowingly, voluntarily, and with common intent with the principal offender, unites in the commission of a crime." [Wharton's Crim. Evid. (8 Ed.), sec. 440.]

In State v. Umble, 115 Mo. 452, we ruled that an accessory after the fact, although indicted as such, was not an accomplice within the meaning of the law. One bearing the relation of an accomplice as defined by Dr. Wharton and approved by this court, is a principal in the first degree and is liable to be charged and punished in the same manner as the principal. [Revised Statutes 1889, sec. 3944.]

The defendant, however, could not have been convicted of the crime of larceny, of which Van Leuven was guilty and of which he was convicted. The evidence would not have justified an indictment against him as a principal offender in the indictment against Van Leuven. He was not guilty of larceny. He stands charged with another and distinct offense, to wit, that of buying and receiving stolen property, knowing it had been stolen. Following State v. Umble, *supra*, we hold that Van Leuven was not an accomplice with defendant in the contemplation of law and that the court did not err in refusing the instruction asked.

While we are satisfied with our own judgment in the Umble case, we find that the identical question raised in this record has been decided in the same way by the Supreme Courts of Georgia, Tennessee, Utah and Iowa.

In Springer v. State, 102 Ga. loc. cit. 452, the court said: "In this State, receiving stolen goods, knowing the same to have been stolen, is indictable and punishable as an offense separate and distinct from the larceny itself, although the offender's connection with the latter crime is recognized to be that of 'an accessory after the fact,' and it is provided that he 'shall receive the same punishment as would be inflicted on the person convicted of having stolen or feloniously taken the property.' [Penal Code, secs. 171, 172.] . . . . . 'The authorities are not in accord as to whether an accessory after the fact is or is not an accomplice within the rule that the testimony of an accomplice should be corroborated.' [1 Am. and Eng. Ency. of Law (2 Ed.), 393.] In Lowery v. State, 72 Ga. 649, and in Allen v. State, 74 Ga. 769, this court answered the question in the negative, expressing the view that even though a witness be accessory after the fact, he is not an accomplice within the meaning of our statute (Penal Code, sec. 991) providing that no conviction can be had in any case of felony upon the uncorroborated testimony of an accomplice. See, also, State v. Umble, 115 Mo. 452; People v. Chadwick, 7 Utah 134; State v. Hayden, 45 Iowa 11; Harris v. State, 7 Lea (Tenn.) 124. The latter case is peculiarly in point; for it was therein held that the receiver of stolen goods is guilty of a substantive offense, and is not an accomplice of the thief within the meaning of the Tennessee statute requiring a corroboration of accomplices."

The decisions cited by the learned court fully sustain its position.

The judgment is affirmed. BURGESS, J., concurs; SHERWOOD, J., absent.