## TOM YOUNG v. STATE.

No. A-1003.    Opinion Filed May 18, 1912.

(123 Pac. 699.)

**INTOXICATING LIQUORS** — Criminal Prosecutions — Evidence—Sufficiency. In a prosecution for the unlawful sale of intoxicating liquor, the evidence is held to support the verdict, and that no reversible error was committed on the trial.

(Syllabus by the Court.)

*Appeal from Atoka County Court;*
*J. H. Linebaugh, Judge.*

Tom Young was convicted of the unlawful sale of liquor, and appeals. Affirmed.

*J. G. Ralls,* for plaintiff in error.

*Chas. West,* Atty. Gen., and *E. G. Spilman* and *Smith C. Matson,* Asst. Attys. Gen., for the State.

DOYLE, J.  The plaintiff in error, Tom Young, was con-victed on an information which charged him with the unlawful sale of a pint of whisky to J. M. Hembree, and on the 23d day of November, 1910, he was sentenced, in accordance with the. verdict of the jury, to serve a term of 30 days in the county jail,. and to pay a fine of $50.  From the judgment and an order over-ruling the motion for a new trial, the defendant appeals.

The evidence, briefly stated, is as follows:  J. M. Hembree,. to whom it is charged·the whisky was sold, testified, in substance, that on the 16th day of November, 1910, he was given a dollar to go and buy a pint of whisky; that he went to Lankford's lum-ber yard, where he found the defendant working, and that he there bought a pint of whisky from him; that he went back to Smith and Presson, two deputy sheriffs, and gave them the whisky.  The· deputy sheriffs, Smith and Presson, testified that the witness. Hembree was given a dollar to go and buy whisky, that they fol-lowed and kept in sight, that Hembree went into Lankford's lum-ber yard, and there remained from 5 to 30 minutes, and then re-turned with the whisky.  Presson testified that he marked the dollar that he gave to witness Hembree, and that when they ar-rested the defendant in the lumber yard, they found the marked dollar among the defendant's money.  The defendant, testifying. on his own behalf, admitted that he saw the witness Hembree in the Lumber yard, but denied that he had any conversation with him about whisky, or that he asked him for any whisky.  Jim· Grooms testified,. as a witness for the defendant, that he was. present at the time that Hembree was there, and no whisky was sold him.  Lankford testified that he did not see any transaction between them. · During the cross-examination of Hembree, he was asked if he had been engaged in selling whisky, to which he answered, "Yes."  He was then asked the question:  "How long .were you engaged in it all together?"  This was objected to by the state, and objection sustained.

It is contended by the defendant's counsel that "the court should have sustained the motion for a new trial, for the reason that there was no evidence to warrant a. conviction."

In this connection, it is argued that the witness Hembree was an accomplice and should be corroborated; and that here there was no corroborative evidence. That the witness Hembree was an accomplice is not correct; and his testimony is corroborated by the two witnesses, Presson and Smith, in all respects, except as to the actual sale, which was not made in their presence. The truth or falsity of the testimony of the witness Hembree was a question for the jury. The evidence of this witness, if true, was sufficient to convict the defendant. The jury found it to be true; and their verdict received the approval of the trial court in overruling the motion for a new trial. All questions of fact must be determined by the jury, as is said in some of the cases. The jurors are the sole judges of the credibility of the witnesses who testify before them, and they are not bound to, nor can they be compelled to, credit the testimony of any witness, whether controverted or not.

Certain exceptions were taken to the rulings of the court on the admission of evidence, and the remaining assignments of error are based thereon. We think they are without merit.

For the reasons stated, the judgment is affirmed.

FURMAN, P. J., and ARMSTRONG, J., concur.