[No. 7560]

## NEWMAN v. THE PEOPLE.

1. EVIDENCE—*Relevancy*—Defendant was convicted of receiving stolen bullion, knowing the same to have been stolen. Two witnesses for the people testified they bought bullion of him about the time of the larceny, and to show the bullion he sold was not the stolen bullion, defendant attempted to establish by an assayer, who purchased bullion from these two witnesses, that he assayed it for gold and silver, and that it contained none. *Held*, the exclusion of the testimony as to the result of the assay, was not reversible error in the absence of evidence that the bullion he assayed was the same bullion that defendant sold the two witnesses.

In a prosecution for receiving bullion stolen from a railway company, knowing it to have been stolen, the testimony of a railway official regarding thefts of bullion from the company is competent and relevant as tending to establish the larceny of the bullion.*

2. ——*Witness—Accomplice*—The original larceny of goods and their subsequent sale to another, who knows they were stolen, are two distinct crimes, and the thief who sells them, is not an accomplice of the receiver of the stolen property.*

3. WRIT OF ERROR—*What May Be Assigned as Error*—The giving of an instruction substantially identical with one prayed by the plaintiff in error, cannot be assigned as error.

---

* Syllabus by Garrigues, J.

*Error to Denver District Court.*—Hon. GREELEY W. WHITFORD, Judge.

Mr. JOHN A. RUSH, for plaintiff in error.

Hon. FRED FARRAR, Attorney General, and Mr. NORTON MONTGOMERY, Assistant Attorney General, for The People.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

Plaintiff in error was convicted in the district court of the City and County of Denver on an information filed March 24, 1911, charging him with buying and receiving, on January 30, 1911, from certain boys, 14 bars of bul-

lion, the property of The Chicago, Burlington & Quincy Railroad Company, lately theretofore stolen from the company, well knowing the same to have been stolen.

It was shown by the evidence that this bullion was principally lead containing some gold and silver, and was being shipped from the smelter to a refinery at Omaha. It appears that the boys who stole the bullion from the cars, were tried, convicted and sentenced to the State Industrial School at Golden. On the trial of the defendant they were brought from the school as witnesses for the people, and testified that they sold the bullion to the defendant, and informed him on different occasions how they obtained it. One John Vallery, an officer of the railroad company, testified to the larceny from the company's cars of bullion on different dates from December 2, 1910, to February 10, 1911. Two witnesses for the people testified to having bought bullion from the defendant in January and February, 1911, and another testified that defendant offered to sell him bullion. Two officers testified that the defendant told them that if they would let him off on this charge, he would give them information incriminating others in the transaction. Defendant offered to show by one Abraham Siegel, who was engaged in the smelting business, that Siegel bought bullion from the witnesses who testified that defendant sold them bullion, and assayed it to see whether it contained gold or silver. This offered testimony was objected to by the state, and excluded by the court.

The following assignments of error are relied upon: First, that the court erred in excluding the evidence offered by defendant showing that the bullion which he sold the two witnesses, contained no gold or silver and nothing but lead. Second, that the only evidence against the defendant was the uncorroborated testimony of the thieves who committed the larceny, who were accomplices, and the court erred in refusing to give an instruction

cautioning the jury as to the weight to be given to their testimony. Third, that the court erred in permitting the witness Vallery, over the objection of defendant, to testify to 16 distinct thefts of bullion from the company's cars on as many dates, with a number of which defendant was in no way connected and for which he was not on trial. Fourth, that the court erred in giving instructions Nos. 6 and 11½.

There was no error in excluding the testimony of witness Siegel as to the assays made by him of certain lead bullion, for the reason that there was no testimony identifying the bullion he assayed, as the bullion sold to the witnesses by the defendant, and without which identification, the evidence was immaterial.

The second assignment is based on the false premise that the boys who testified against the defendant, were his accomplices in receiving the stolen property, and that their testimony was uncorroborated. The receiving of stolen goods, knowing them to have been stolen, is a distinct crime, under our statute, from the original larceny of the property. A party committing the larceny is not an accomplice of one who purchased the goods from him knowing them to have been stolen.—12 Cyc. 447; *People v. Cook,* 5 Parker Cr. R. (N. Y.) 351; *Springer v. State,* 102 Ga. 447, 30 S. E. 971; *State v. Kuhlman,* 152 Mo. 100, 53 S. W. 907, 48 L. R. A. 711.

Aside from this, there were other facts and circumstances proven on the trial tending to corroborate these witnesses.

As to the third assignment, the witness Vallery testified for the people about the larceny of bullion from the railroad cars in different quantities at various times from December 2, 1910, to February 10, 1911. He gave no testimony connecting defendant or anyone else with these transactions. His evidence was to prove the larceny of bullion from the company's cars about the time

laid in the information; in other words, was to show that the bullion which the defendant bought from the boys, had been stolen.

An examination of the record discloses that no objection or proper exception was saved to the giving of instructions Nos. 6 and 11½, and we might, under the well established rule of this court, refuse to consider this assignment of error. But waiving the infirmity, we find that instructions 6 and 11½, given by the court, are substantially the same as instructions 1 and 3 asked by the defendant. A party cannot assign error upon instructions which he asked the court to give. We have also examined the instructions and find they are not erroneous.

The evidence shows that some boys upon different occasions between December 2, 1910, and February 10, 1911, broke seals upon, entered cars in the yards at Denver, and threw out bars of lead bullion containing gold and silver, weighing from 90 to 100 pounds each, which they cached in the weeds and grass; that upon different occasions defendant met them at prearranged places with a wagon, and bought the bullion. It further shows he encouraged the boys in committing these larcenies, and told them to go ahead and get more, not to be afraid, that he would buy it from them. There is not the least doubt that the defendant knew the boys were committing the larcenies, and was encouraging and educating them in the commission of crime in order that he might reap a reward from their thefts. We feel that such conduct is most reprehensible, and that the sentence, from two to four years, was very lenient.

The judgment will be affirmed.

*Affirmed.*

Chief Justice Musser and Mr. Justice Scott concur.

Decided June 2d, A. D. 1913. Rehearing denied October 6th, A. D. 1913.