## S. F. BUTTRY v. STATE.

No. A-3635—Opinion Filed Jan. 22, 1921.

(194 Pac. 286.)

(Syllabus.)

1.  **INDICTMENT AND INFORMATION—Failure to File Transcript—Mode of Objection.** Where a felony is being prosecuted and the jury impaneled and sworn and a witness on the stand, a motion to exclude the testimony in the case on account of a failure to file a transcript cannot be raised by a motion to exclude the evidence in the case. Such question can only be presented by proper motion to set aside the information or plea of abatement.

2.  **EVIDENCE—Thief not Accomplice of Receiver.** Persons guilty of larceny are not accomplices of one who receives or purchases such stolen property knowing same to have been recently stolen.

*Appeal from District Court, Ottawa County;*
*S. C. Fullerton, Judge.*

S. F. Buttry was convicted of receiving stolen property, and he brings error.   Affirmed.

*A. W. Turner* and *Barry & Dewberry,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *W. C. Hall* and *E. L. Fulton,* Asst. Attys. Gen., for the State.

ARMSTRONG, J.   The plaintiff in error, S. F. Buttry, hereinafter called defendant, was informed against in

the district court of Ottawa county for the offense of re-
ceiving and buying personal property belonging to E. J.
Bingham and Geo. O. Pearson, of the value of $70, know-
ing it to have been stolen, convicted, and sentenced to the
penitentiary for a term of two years. To reverse the judg-
ment rendered he prosecutes this appeal.

After the jury had been impaneled and sworn and a
witness was upon the stand, the defendant objected to the
swearing of any witness in this cause, and objected to the
testimony of any witness for the state being admitted in
this cause, for the reason that the information is vague
and indefinite and failed to state any crime known to the
laws of the state of Oklahoma. The objection was over-
ruled, and exceptions saved.

There is evidence in the case that Lee Stevens and
Frank Lair stole two automobile tires and sold them to
the defendant, and that at the time of the sale they in-
formed defendant that they were stolen from the persons
alleged in the information to be the owners thereof, that
the price paid for one of the tires by the defendant was
$11 and for the other tire $10. It was admitted by the
defendant that he purchased the tires, or one of them,
from the said Lair and Stevens. The evidence is in irre-
concilable conflict as to whether at the time of the sale
of said tires the defendant had knowledge that the tires
had been recently stolen. It is admitted by the defend-
and that he bought one of the tires and made a loan upon
the other, but it is positively denied by him that he had
any knowledge of the fact at the time of the purchase of
the tire and loan on the other tire that they had been
stolen, and the parties from whom he received said tires
did not so inform him.

The two thieves testified that at the time of the sale they informed the defendant that the said tires were stolen. There was also undenied evidence that said stolen tires were of the value of $55 to $60 and $72, respectively.

The court, in its instructions to the jury, gave the following:

No. 8.   You are instructed that a conviction cannot be had upon the testimony of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed, and the corroboration is not sufficient if it merely shows the commission of the offense, nor can one accomplice corroborate another. An accomplice, as the word is here used, means any one connected with the crime committed, either as principal offender, as an accomplice, as an accessory or otherwise. It includes all persons who were connected with the crime by unlawful act or omission on their part transpiring either before or at the time of the commission of the offense, and whether or not he was present and participated in the commission thereof.   And if you find from the evidence in this case that any witness who has testified herein against the defendant was or is an accomplice as above defined, then you must disregard the testimony of such witness in so far as the same is against the defendant, unless corroborated as above stated.   But you are further instructed that before you can find any witness who has testified against the defendant to have been or to be an accomplice that you must find from the evidence that he participated in the crime charged in the information herein, that of receiving stolen property, and that the fact that you may believe from the evidence that any such witness or witnesses is or are guilty of the original theft would not be sufficient, standing alone, to justify you in finding such witness or witnesses to be an accomplice or accomplices.

To this instruction no objection was made or exception taken.

Errors argued in defendant's brief are as follows: (1) That the court overruled said motion for an instructed verdict; (2) in admitting any evidence on the part of the state; (3) that the giving of instruction No. 8, was fundamental error, because the state's witnesses Stevens and Lair were by their own admissions accomplices, and the court should have so instructed the jury.

It is true that the evidence is in direct conflict, as to an essential fact necessary to be proven to legally convict defendant, "that defendant had knowledge, at the time he purchased said tires, that the same had been stolen," but we think there is sufficient evidence to reasonably support the verdict. This being the case, and the verdict having been approved by the trial court, as was done in this case in refusing to grant a new trial, this court will not disturb such verdict. This rule has so often been announced by this court as to render the citation of authorities in support thereof unnecessary.

The contention of the defendant that the court erred in admitting any evidence in the case for the reason of defects in or want of a transcript of a preliminary examination in the case cannot be considered. If there had been a defect or entire want of a transcript of the preliminary examination, the question could not be raised by objecting to the introduction of evidence.

"Where felonies are being prosecuted by information, if in fact defendant has not had a preliminary examination and has been bound over to answer the charge contained in the information, or the defendant has not waived such examination, these matters can only be presented by

a motion to set aside the information, and cannot be raised by motion to exclude the testimony of witnesses." *Heacock et al. v. State,* 4 Okla. Cr. 606, 112 Pac. 949.

"The fact that there has been a preliminary examination or a waiver thereof need not be stated or averred in the information, or shown affirmatively by the prosecution. That the defendant did not have a preliminary examination is a fact to be established on a plea in abatement, or on a motion to quash; otherwise, all essential preliminary proceedings will be presumed." *Lon Williams et al. v. State,* 6 Okla. Cr. 373, 118 Pac. 1006; *Andrew McDaniel et al. v. State,* 8 Okla. Cr. 209, 127 Pac. 358.

"The instructions in all cases should run to the facts, and to all proper deductions and interpretations of them, and not to questions not present or covered by the evidence." *New v. Territory,* 12 Okla. 172, 70 Pac. 198.

Larceny of property and receiving stolen property are two distinct offenses. The thief who stole the property is not an accomplice of the receiver of the stolen property, knowing it to be stolen. The contention of the defendant that the evdence of the thieves who originally stole the property not being corroborated, the evidence is not sufficient to sustain the conviction in this case, is without merit. The court did not err in refusing to advise the jury to acquit the defendant.

"The term 'accomplice,' as used in section 6836, Comp. Laws 1909, providing that no person shall be convicted of a crime on the testimony of an accomplice without corroboration, is construed as meaning one culpably implicated in the commission of the crime of which the defendant is accused; in other words, an associate, one who knowingly and voluntarily co-operates or aids or assists in the commission of the crime." *Hendrix v. State,* 8 Okla. Cr. 530, 129 Pac. 78, 43 L. R. A. (N. S.) 546.

In the case of *Newman v. People,* 55 Colo. 374, 135 Pac. 460, the Supreme Court of Colorado, considering this question, said:

"The second assignment is based on the false premise that the boys who testified against defendant were his accomplices in receiving the stolen property, and that their testimony was uncorroborated. The receiving of stolen goods, knowing them to have been stolen, is a distinct crime, under our statute, from the original larceny of the property. A party committing the larceny is not an accomplice of one who purchased the goods from him, knowing them to have been stolen." 12 Cyc. 447; *People v. Cook,* 5 Parker, Cr. R. (N. Y.) 351; *Springer v. State,* 102 Ga. 447, 30 S. E. 971; *State v. Kuhlum,* 152 Mo. 100, 53 S. W. 416, 75 Am. St. Rep. 438.

The instructions given, including instruction No. 8, were more favorable to the defendant than the facts in evidence and the law warranted. The court did not err in overruling the motion for a new trial.

Finding no error in the record, the judgment of the trial court is affirmed.

DOYLE, P. J., and MATSON, J., concur.