## LILLIAN McDOWELL v. STATE.

No. A-6698. Opinion Filed Aug. 10, 1929.
Rehearing Denied Nov. 2, 1929.
(281 Pac. 600.)

Frank B. Grant, for plaintiff in error.

Edwin Dabney, Atty. Gen., and J. H. Lawson, Asst. Atty. Gen., for the State.

EDWARDS, P. J.   The plaintiff in error, hereinafter called defendant, was convicted in the district court of Kay county on a charge of preventing a witness from attending court, and was sentenced to serve a term of six months in the state penitentiary and to pay a fine of $500.

The record discloses that one George Gregg was charged with an offense in the county court of Kay county, and that Robert Chambers was a material witness for the state, and had been subpoenaed to attend the trial, and that defendant dissuaded and prevented said witness from attending court, and procured the witness to go outside the state at the time of the trial, in violation of the provisions of section 1647, Comp. Stat. 1921.   There is no particular controversy as to the facts, nor claim that the evidence is insufficient.

It is first contended that the county attorney was guilty of misconduct in asking questions attacking the character of defendant, when she had not put her character in issue.   It is well settled that the state cannot attack the character of a defendant, unless first put in issue by defendant. Porter v. State, 8 Okla. Cr. 64, 126 Pac. 699; Wilkerson v. State, 9 Okla. Cr. 662, 123 Pac. 1120. The county attorney sought to show the interest or connection of defendant with Gregg, the defendant in the case in the county court in which the witness Chambers was subpoenaed. This line of evidence tended to corroborate Chambers, the principal witness for the state, as showing a motive for

defendant's efforts to prevent the witness Chambers from attending court in response to subpoena. While the county attorney may have overstepped the line to some extent, under all the circumstances his action is not reversible error.

It is next contended that Chambers, the witness dissuaded and prevented from attending court by defendant, was an accomplice, and that his evidence must be corroborated. Under section 2701, Comp. Stat. 1921, a conviction cannot be had on the testimony of an accomplice, unless corroborated by some other evidence which tends to connect defendant with the commission of the offense charged. Is a person subpoenaed as a witness, who is dissuaded or prevented from attending court under the provisions of section 1647, Comp. Stat. supra, an accomplice of the person dissuading or preventing his attendance? The rule is generally stated that the test to determine when a witness is an accomplice is to ascertain whether he can be indicted or informed against for the offense for which accused is being tried. Certainly, the witness Chambers could not be indicted for preventing or dissuading himself from attending court after having been subpoenaed. He is not an accomplice. See, in this connection, 12 Cyc. 445-448; 16 C. J. 670, § 1344, F; Young v. State, 7 Okla. Cr. 359, 123 Pac. 699; Buttry v. State, 18 Okla. Cr. 330, 194 Pac. 286; Sowards v. State, 37 Okla. Cr. 307, 258 Pac. 284.

The case is affirmed.

CHAPPELL, J., concurs.

DAVENPORT, J., absent, not participating.