**John Richard ANDERSON, Appellant,**

**v.**

**The STATE of Oklahoma, Appellee.**

**No. F–75–404.**

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1975.

Rehearing Denied Nov. 6, 1975.

John Richard Anderson, pro se.

Larry Derryberry, Atty. Gen., Robert L. McDonald, Asst. Atty. Gen., Harold T. Garvin, Jr., Legal Intern, for appellee.

## OPINION

BLISS, Judge:

Appellant, John Richard Anderson, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Oklahoma County, Case No. CRF–74–4078, for the offense of Robbery With Firearms, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 801. His punishment was fixed by a jury at Life imprisonment, and from this judgment and sentence a timely appeal has been perfected to this Court.

The State's first witness at trial was Kay Heck who testified that on the 23rd of November, 1974, she was an employee of the No. 12 Seven-Eleven Store located on North Western Street in Nichols Hills, Oklahoma County. She stated that at approximately 7:22 p. m. on that evening a gentleman came into the store apparently shopping for some articles. She said the man waited until the other customers had left and that she then rang up all the items he had placed on the counter. At this time the man pulled out a gun and told her to give him all the money in the cash register. She said she gave him some amount less than $200.00 and that the man then left and walked toward the back of the building. Upon being shown what had been marked State's Exhibit No. 1, she identified said exhibit as a gun which resembled the gun that the man had pulled on her that evening. She identified in court the defendant as the man who had robbed her at gunpoint on that evening.

Gary Carson testified that he was employed as a police officer with the City of Edmond and was so employed on the 26th

of November, 1974. He testified that on that date at approximately 4:30 p. m. he entered the U-Tote M Store at 33rd and Boulevard in Edmond, Oklahoma, and placed the defendant under arrest. He stated that a search of the defendant revealed a Rohm .22 caliber revolver which he then identified as being State's Exhibit No. 1. He stated that the defendant was transported to the police station where he was advised of his rights.

At this time an in camera hearing was held to determine the voluntariness of the defendant's confession sought to be introduced by the State. After hearing testimony from Gary Carson and Raymond Page, the court overruled the defendant's motion to suppress the confession.

Gary Carson further testified that after the defendant was transported to the police station defendant was advised of his constitutional rights and that the defendant signed a rights waiver, State's Exhibit No. 2. He testified that after the defendant signed the rights waiver defendant said he had used the gun marked as State's Exhibit No. 1 to commit a robbery of a convenience store in Nichols Hills, and as a result of such robbery he obtained approximately $150.00. On cross-examination he testified that the defendant was read his constitutional rights, but that he could not recall whether or not the defendant had read the rights waiver, nor whether or not the defendant had his glasses with him at that time.

Raymond Page testified that he was a criminal justice planner for the Northern Oklahoma Development Association and that on the 26th of November, 1974, he was a detective with the Edmond Police Department. He stated that on that evening at approximately 4:30 p. m. in response to a call he proceeded to 33rd and Boulevard in Edmond, Oklahoma, at which time he placed the defendant under arrest. He stated that on arriving at that location he observed four patrol units already in position and that he and his partner, Detective Carson, entered the building and were directed to the back room of the building by some young people who were there. At this time they saw the defendant struggling with a young lady who managed the store and at that time the witness and Carson placed the defendant under arrest. A subsequent search of the defendant revealed a .22 caliber Rohm revolver in his trouser pocket. Defendant objected to the introduction of testimony regarding the struggle with the young lady and the court admonished the jury to disregard the reference to said incident in determining the guilt or innocence of the defendant. Upon being shown State's Exhibit No. 1, he then identified said exhibit as the gun taken from the defendant on that day. Upon transportation of the defendant to the Edmond police station, he stated the defendant was advised of his constitutional rights prior to leaving the scene of arrest, and that he was further advised of his constitutional rights prior to questioning at the Edmond police station. He stated that at the police station he read the rights waiver to the defendant and the defendant replied that he understood his rights and was willing to make a statement. Upon being shown State's Exhibit No. 2, he identified said exhibit as the rights waiver which was executed at the time of defendant's interview at the police station on the 26th of November, 1974, which was signed by defendant and witnessed by Page and another officer. He testified to essentially the same facts which the defendant related at the Edmond police station as did Officer Gary Carson.

Dale Croft testified that he was a lieutenant with the Edmond Police Department and was so employed on the 26th of November, 1974, at which time he was present during the interview of the defendant. His testimony substantiated the testimony of Raymond Page and Gary Carson.

Thereafter, the State rested and the defense rested.

■ The defendant's first assignment of error in his pro se brief asserts that the trial court erred in allowing the introduc-

tion of the confession as the defendant could not have read or understood the rights waiver which he was required to sign without his reading glasses. We need only note that the record reflects that prior to the acquisition of the confession the defendant was read his constitutional rights by Raymond Page and responded to Officer Page that he understood his rights and was willing to make a statement (Tr. 45–46). Assuming arguendo that the defendant was without his reading glasses at the time he signed the rights waiver, we find that the testimony of Officer Page clearly shows the defendant, subsequent to sufficient Miranda warnings, intelligently and voluntarily confessed to the crime. For the reasons stated we find the defendant's first assignment of error to be without merit.

The defendant's second assignment of error asserts the trial court erred in failing to provide the defendant with a complete record for appeal purposes specifically in that no preliminary hearing transcript was provided. In the alternative he argues he was not afforded a preliminary hearing.

This Court, in *Buttry v. State,* 18 Okl. Cr. 330, 194 P. 286 (1921), quoted *Williams et al. v. State,* 6 Okl.Cr. 373, 118 P. 1006 (1911), stating:

" 'The fact that there has been a preliminary examination or a waiver thereof need not be stated or averred in the information, or shown affirmatively by the prosecution. That the defendant did not have a preliminary examination is a fact to be established on a plea in abatement, or on a motion to quash; otherwise, all essential preliminary proceedings will be presumed.' "

See also, *McDaniel v. State,* 8 Okl.Cr. 209, 127 P. 358 (1912).

■ We find the record fails to reflect the defendant filed either a plea in abatement or a motion to quash. Thus, the regularity of the preliminary proceedings will be presumed and the defendant's contention that he was not afforded a preliminary hearing is without merit. We also note that such a contention is inconsistent with the defendant's assertion that he was denied a preliminary hearing transcript. We further observe that the defendant proceeded to arraignment with competent counsel and entered a plea of not guilty without ever having requested the testimony taken at the preliminary hearing to be reduced to writing as required by 22 O.S. 1971, § 258. Therefore, we find the defendant waived any irregularity which occurred prior to arraignment and, consequently, the absence of a preliminary hearing transcript for appeal purposes is not error. For the reasons herein stated we find the defendant's second assignment of error to be without merit.

■ The defendant's third assignment of error asserts the trial court erred in allowing the prior convictions in Oklahoma County Case Nos. 15929 and 15930 to be used for purposes of enhancing punishment when the court records do not reflect that the defendant had been afforded counsel at any stage of the proceedings in the two former convictions. We need only note State's Exhibit No. 4–A, which evidences an order appointing counsel in Case Nos. 15929 and 15930 in Oklahoma County on the 12th day of December, 1942. The defendant has presented no evidence to controvert the presumed regularity of this order and for this reason we find the defendant's contention to be without merit.

■ Defendant's fourth assignment of error asserts the trial court erred in permitting the use of Oklahoma County Case Nos. CRF–74–1016 and CRF–74–1017 to be used to enhance punishment in the instant case as said convictions were each after former convictions of a felony in which the basis for alleged prior conviction was number 30883, which was reversed and set aside in August of 1965.

We first note that the defendant's convictions in CRF–74–1016 and CRF–74–1017 occurred subsequent to the time the defendant alleges the predicate conviction for the after former conviction portion in

CRF–74–1016 and CRF–74–1017 was set aside. We need only note that assuming said convictions were predicated on a void prior conviction, we point out that the situation would only void the after former conviction portion of the convictions in CRF–74–1016 and CRF–74–1017, and would only warrant modification of sentence in said convictions to some sentence within that range which may be imposed upon a first offender. Therefore, the felony conviction would still stand at the time of the defendant's conviction in the instant case and could, and was, properly used in the instant case to enhance punishment. If the defendant's allegations are valid, we find any error which occurred was harmless under these circumstances. See, 20 O.S.1971, § 3001. We also note that the defendant has failed to support his contention with any records and as sponsor of the case made he must stand on the record presented to this Court. Therefore, the records before this Court illustrate that the convictions of the defendant in cases CRF–74–1016 and CRF–74–1017 in Oklahoma County, as shown by State's Exhibit No. 9 and State's Exhibit No. 10, are valid judgments and sentences and were properly used to enhance punishment in the instant case. For the reasons herein stated, we find the defendant's fourth assignment to be without merit.

■ Defendant's fifth assignment of error asserts the trial court erred in allowing the defendant's three prior convictions in cases number 32367 and 32368 and 32369 of Oklahoma County to be used to enhance punishment as said convictions were void since the sentencing court did not advise the defendant of his constitutional rights.

We need only refer to State's Exhibits numbers 6, 7 and 8 as said exhibits reflect certified copies of the judgments and sentences upon the defendant's plea of guilty in cases number 32367, 32368 and 32369 in Oklahoma County. The exhibits further reflect that the defendant entered a plea of guilty in said cases after having been duly advised of his rights and of the effect of such pleas and for this reason we find the defendant's fifth assignment of error to be without merit.

■ Defendant's sixth assignment of error asserts that his right to a fair and impartial trial was impaired as a result of the admission of certain testimony by Officer Ray Page referring to seeing the defendant struggling with a young lady. The evidence of which the defendant now complains is found in the record at Tr. 42 as follows:

"Q. (By Mr. Mildfelt) What occurred at that location, Mr. Page?

"A. At that location? There were four patrol units already in position. My partner, Detective Carson, and I entered the building and we were directed to the back room of the building by some young people who were there. At that time we saw the Defendant struggling with a young lady who ran the store, and we placed him under arrest based on information that we had."

Assuming arguendo that said evidence would be inadmissible, we need only direct the defendant's attention to the transcript of the proceedings just following the admission of said evidence. The record reflects that just subsequent to the admission of said testimony by Officer Page the following transpired:

"MR. OLIVER: Your Honor, may I approach the bench. (Proceedings had at the bench out of the hearing of the jury:)

"MR. OLIVER: Your Honor, comes now the Defendant and moves for a mistrial on the grounds that the officer has stated there was a struggle ensuing. This isn't part of the res gestae, this is highly prejudicial against my Defendant. We move for a mistrial on those grounds, Your Honor. Highly prejudicial against my client stating probability of another crime being committed which was not. We feel like this would be—

"MR. MILDFELT: Your Honor, I can clear that up for the record. I'll just

ask him if that Defendant had committed any crime at that location.

"MR. OLIVER: I object to it because it's highly prejudicial.

"THE COURT: All right. The objection's overruled. (Proceedings had within the hearing of the jury:)

"THE COURT: Ladies and gentlemen of the jury, in reference to the testimony of this witness about the fact that the Defendant was struggling with a young lady has no bearing on the guilt or innocence of the Defendant in this crime which he is now charged and you are admonished not to consider that or give it any weight or credibility as far as his guilt or innocence in this case is concerned."

We therefore conclude, under the facts and circumstances of this case, that any error which might have occurred was harmless in light of the admonishment by the Court. See, 20 O.S.1971, § 3001. For this reason we find the defendant's contention to be without merit.

 The defendant lastly complains of testimony by Officer Page found in the record at page 49 as follows:

"Q. Did he tell you anything else about this robbery such as what kind of car he was driving or what kind of clothes he was wearing?

"A. At that time he was, I believe, driving an old model Ford. He subsequently purchased a Cadillac. . . ."

After an examination of the record, we find the defendant failed to object to said testimony and thus any error which might have occurred has not been properly preserved for appeal. See, *Williams and Justus v. State*, Okl.Cr., 542 P.2d 554 (1975).

In conclusion we observe the record is free of any error which would justify modification or reversal. The judgment and sentence is, accordingly, *affirmed*.

BRETT, P. J., and BUSSEY, J., concur.