**Kenneth ROGERS, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. F–77–691.**

Court of Criminal Appeals of Oklahoma.

Aug. 16, 1978.

Rehearing Denied Sept. 14, 1978.

---

James L. Kee, Duncan, for appellant.

Larry Derryberry, Atty. Gen., Bill J. Bruce, Asst. Atty. Gen., Jerry Earl Benson, Legal Intern, for appellee.

· OPINION

BUSSEY, Presiding Judge:

Appellant, Kenneth Rogers, hereinafter referred to as defendant, was charged, tried and convicted in the District Court, Stephens County, Case No. CRF–76–278, for the offense of Burglary in the Second Degree, After Former Conviction of a Felony, in violation of 21 O.S.1971, § 1435. His punishment was fixed at a term of thirteen (13) years' imprisonment. From said judgment and sentence a timely appeal has been perfected to this Court.

At the trial William L. Carl testified that he was a pharmacist and part-owner of the Duncan Drug Store. In the early morning hours of October 17, 1976, he went to the store to open it for the police. The front and back doors were locked when he arrived. He entered the store and found that a vent from the ceiling of the storeroom had been open. A duct under the vent had been knocked down and boxes of merchandise were scattered on the floor.

Officer Allen Gunter testified that on October 17, 1976, he was dispatched to the Duncan Drug Store at approximately 1:08 a. m. He and Officer Shrope went to the back of the building leaving Sergeant Blades in the front. After ascertaining that the back door appeared intact they proceeded up the staircase to the roof. He observed a figure crouched near a partially opened skylight. He told the person to "freeze" and to lie down on the roof. The person whom he identified as Johnny Wayne Gordon was wearing gloves and had a walkie-talkie. He first observed the defendant standing by the skylight in the custody of Officer Shrope.

Officer David Shrope testified that he was with Officer Gunter on the morning in question. He went up on the roof and observed light shining through an opened vent hole. He looked into the hole and observed the defendant crawling up on to some shelves on to the duct work. Defendant handed him two laundry bags and said "here, take this." [Tr. 26]. He advised the defendant to crawl out of the hole. Defendant was wearing a green army field jacket and two ski masks. He placed the defendant under arrest and transported him to the police station.

Duane Drake testified that he was employed as the assistant manager of the Duncan Drug Store. He closed the store on October 16, 1976, at 6:00 p. m. after locking the doors. The vent on the roof was covered with galvanized tin and had only been opened on one previous occasion.

Detective Billy W. Nicholson testified that he arrived at the Duncan Drug Store at approximately 1:30 a. m. He identified photographs he took of the premises and certain items of physical evidence. A ball joint tool and a nylon rope was found near the vent on the roof.

Officer Charles Blades testified that he watched the front of the Duncan Drug Store while the other officers went to the back. He subsequently joined them on the roof and observed that they had two persons in custody. Defendant was wearing a ski mask which covered his face. He entered the drug store and observed that the duct work had been knocked down and that there was an opening in the roof.

The parties stipulated that State's Exhibit No. 17 was a certified copy of a Judgment and Sentence which reflected that Kenneth Rogers had been convicted of Grand Larceny upon a plea of guilty and sentenced to two (2) years under the direction and control of the Department of Corrections. The parties further stipulated that the defendant was represented by an attorney and that the judgment and sentence was final.

Defendant testified in his own behalf that he was twenty years old and had been using drugs since he was twelve. And that prior to being arrested at the Duncan Drug Store, he had "done some acrylics" and drinking. He admitted being inside the drug store on top of the ventilating system. He was just getting ready to jump down into the store when his partner told him the police were coming. They intended to get drugs from the store. He further testified that he did not believe that sending him to the penitentiary would rehabilitate him but rather that he would like to go to a rehabilitation center.

■ Defendant asserts in his first assignment of error that the trial court erred in failing and refusing to instruct the jury and to provide appropriate verdict forms with regard to the offense of attempted burglary in the second degree. We are of the opinion that this assignment of error is patently frivolous. We have consistently held that it is only necessary to instruct on a lesser included offense when there is evidence tending to prove the commission of that lesser offense. See *Parrott v. State*, Okl. Cr., 522 P.2d 628 (1974) and *Stiles v. State*, 53 Okl.Cr. 187, 9 P.2d 58 (1932). Inasmuch as there was no evidence introduced by either the State or the defendant as to the commission of attempted burglary in the second degree it is necessarily follows that the trial court did not err in failing to instruct on the same.

■ Defendant contends in the second assignment of error that his right to a fair and impartial trial was irreparably prejudiced by improper remarks of the prosecuting attorney when during closing argument he stated:

". . . You've got to make a decision then, am I going to throw my oath out the window, am I going to throw my judgment out the window, and I'm going to turn him loose because he's a young man twenty years old and handsome and I'm going to leave him out here so he can infest all the other twenty year olds that he comes in contact with and he can tell them all you've got to do is go up there and tell them the truth on the witness stand and the jury will turn you loose because they don't want to send a twenty year old away. We don't want to get them out of society. What neighborhood, if you're going to turn him loose? What neighborhood do you want him to live in? What recreation clubs and with whose children are you going to put him in with? Because you're not going to rehabilitate him by sending him out here. He says he hasn't had any drugs since he got picked up and been in the county jail. I think that's a good recommendation for at least the county jail of Stephens County that they don't get drugs down there. But that doesn't mean that when he goes out of here it won't be breaking and entering again." [Tr. 116].

The remarks of which the defendant now complains were made in response to defense counsel's closing argument wherein he argued that the only reason defendant pled not guilty was because he wanted the jury to know his client. He further wanted the jury to know that the defendant had been using drugs since he was twelve-years-old and that sending him to the penitentiary would not solve anything, in that it did not have any facilities to rehabilitate him. He

argued that getting him off the streets would not accomplish anything and would only postpone his rehabilitation. We are of the opinion that where, as in the instant case, the prosecutor's remarks were made in response to argument of defense counsel and the evidence of the defendant's guilt is overwhelming, such remarks do not require modification or reversal. See *Beeks v. State*, Okl.Cr., 563 P.2d 653 (1977).

■ For his third assignment of error defendant urges that the trial court erred in allowing evidence to be admitted in support of the charge that the principle offense was committed after a former conviction of a felony. Defendant argues that the court records of the prior felony convictions were insufficient as a matter of law to support a conviction under the Habitual Criminal Statute. We must disagree. State's Exhibit D, a summary of facts on a plea of guilty reflect that the defendant was represented by counsel and was fully advised of his constitutional rights. The exhibit further reflects that he knowingly, voluntarily and intelligently entered a plea of guilty after having been advised of such rights. See *Houston v. State*, Okl.Cr., 567 P.2d 1002 (1977) and *Anderson v. State*, Okl.Cr., 541 P.2d 1091 (1975).

■ Defendant next alleges that the trial court erred in refusing to permit his father to testify in his behalf. We must again disagree. The record reflects that the trial court did not permit the witness to testify insofar as he violated the rule by remaining in the courtroom after the defendant had himself requested that any witness be excluded from the courtroom during testimony. We have consistently held that it is within the discretion of the trial court to grant or deny exceptions to the taking of testimony of witnesses who violate the rule. See *Savage v. State*, Okl.Cr., 525 P.2d 1219 (1974) and *Sutterfield v. State*, Okl.Cr., 489 P.2d 1345 (1971).

Defendant finally asserts that there was an accumulation of errors which denied him a fair trial. Inasmuch as we have found the previous assignments of error to be without merit we likewise find this assign-ment of error to be similarly without merit. In conclusion we observe that the record is free of any error which would cause reversal or justify modification. The judgment and sentence is accordingly AFFIRMED.

CORNISH and BRETT, JJ., concur.