Nathaniel E. CAMPBELL, Appellant,

v.

The STATE of Oklahoma, Appellee.

No. F–80–455.

Court of Criminal Appeals of Oklahoma.

Feb. 10, 1982.

Charles S. Rogers, Deputy Appellate Public Defender, Robert M. Beck, Sp. Council, Norman, for appellant.

Jan Eric Cartwright, Atty. Gen., Susan Talbot, Asst. Atty. Gen., Chief, Criminal Appellate Div., Oklahoma City, for appellee.

## OPINION

BUSSEY, Judge:

The appellant, Nathaniel E. Campbell, was convicted of Burglary in the First Degree, in the District Court of Comanche County, Case No. CRF–79–261, was sentenced to seven (7) years' imprisonment, and he appeals.

In the early morning hours of June 19, 1979, Mrs. Judy Trevino was awakened by sounds emanating from the bedroom of her eight (8) year old son. Thinking the noise to be a window shade flapping in the wind, she got out of bed to close it, turning on lights as she went. Upon reaching her son's door, she found herself face to face with an intruder, who attempted to muffle her screams by putting his hand over her mouth. In so doing, he caused her to fall backwards onto the floor. Mrs. Trevino testified that the intruder was a black man, approximately 5 feet 10 inches tall, with long hair and weighing about 160 pounds. Further, he was wearing tennis shoes, army fatigue pants, a white t-shirt and black and gray tweed work gloves. The commotion awakened Trevino's nine (9) year old daughter, who began to scream from an adjacent room. The assailant, whom Mrs. Trevino identified from a group of photographs, a lineup and at trial as the appellant, then exited the premises through the window in the son's bedroom, which had been partially torn and taken off. Mrs. Trevino immediately summoned the police.

Mr. Wallace Ferguson, a neighbor of the victim, testified that on the morning in question he was awakened by the barking of his dog. He went to his back porch to investigate, and observed a black man, close to six (6) feet tall, wearing a white t-shirt and a dark pair of pants, move very quickly past his property to a nearby apartment building. The man stopped abruptly at a particular window, shoved it up and dove into the apartment house. Mr. Ferguson returned to his home and noticed that it was 2:50 a. m. As he prepared to return to his bed he noticed the red lights from police cars at the Trevino home across the street, and reported to the police what he had seen.

Officer Paul Willis of the Lawton Police Department testified that he was working in the early morning of June 19, 1979, and had occasion to arrest the appellant because he fit the description of a suspect, who broke into a house and was seen by a witness diving through an apartment window. Further, Officer Willis testified that the appellant was wearing army fatigue pants at the time he arrested him.

### I.

As his first assignment of error, the appellant alleges that the amended complaint and information was insufficient to confer jurisdiction upon the trial court in that the amended information and complaint did not specify the crime he intended to commit. A statement of the acts constituting the offense, in ordinary concise language, and in such manner as to enable a person of common understanding to know what is intended, is all that is required by 22 O.S.1971, § 401. The information in question certainly meets that requirement. The test of the sufficiency of an information is whether the defendant was in fact misled by it and whether a conviction under it would expose the defendant to the possi-

bility of subsequently being put in jeopardy a second time for the same offense. *Holloway v. State*, 602 P.2d 218 (Okl.Cr.1979). The *information complained of meets the aforementioned test*; accordingly, this assignment of error is without merit.

## II.

█ In his second assignment of error, the appellant contends that the trial court erred by failing to sustain a motion for a directed verdict of acquittal. A motion for directed verdict admits the facts the evidence tends to prove. Where there is any competent evidence reasonably tending to sustain the allegations of the charge, the trial court should not sustain a motion for directed verdict. *Byrne v. State*, 482 P.2d 620 (Okl.Cr.1971); *Maynard v. State*, 625 P.2d 111 (Okl.Cr.1981). This Court finds that the trial court correctly overruled the motion for directed verdict. See also, *Worchester v. State*, 536 P.2d 995 (Okl.Cr.1975). This assignment of error is without merit.

## III.

In his third assignment of error, the appellant argues that the trial court's failure to exclude the identification of the appellant by Mrs. Trevino was error. The thrust of his argument is that since he was in custody, a photographic identification of him was improper, and it tainted Mrs. Trevino's in court identification of him. We do not agree.

██ This Court has consistently denied that any right to a formal pretrial lineup exists. *Cooper v. State*, 599 P.2d 419 (Okl. Cr.1979); *Roberson v. State*, 483 P.2d 353 (Okl.Cr.1971). The United States Supreme Court held in *United States v. Ash*, 413 U.S. 300, 93 S.Ct. 2568, 37 L.Ed.2d 619 (1973), that the essence of one's right to counsel is to be provided assistance during confrontation. Since a photograph lineup involves no confrontation, no right to counsel accrues.

█ Officer McFarland testified that the reason a personal lineup was not conducted was that: "We didn't have enough negro males that fit the description, height and weight." Further, Mrs. Trevino's identification of the appellant reveals that she was positive of her identification of the appellant and never waivered, even during lengthy cross-examination by the defense attorney, nor does the record demonstrate that any taint in the identification occurred.[1] Accordingly, this assignment of error is without merit.

## IV.

In his fourth and final assignment of error, the appellant complains that the trial court's failure to give a requested instruction on the lesser included offense of breaking and entering, under 21 O.S.1971, § 1438, and an instruction on identification testimony, was reversible error.

█ This Court has long held that an instruction on a lesser included offense need only be given when there is evidence that tends to prove the lesser included offense was committed. *Rogers v. State*, 583 P.2d 1104 (Okl.Cr.1978); *Woods v. State*, 569 P.2d 1004 (Okl.Cr.1977). In the case at bar, the appellant's defense, which was alibi, did not suggest any lesser included offenses. Therefore, this argument must fail.

█ With regard to the appellant's argument that an instruction on identification

---

1. The record reveals the following colloquy between defense counsel and Mrs. Trevino:

Q. How many pictures did you look at at the police station? Do you remember?
A. I don't recall. It was either five or six.
Q. O.K. And were you able to pick one? Did you recognize any of those pictures?
A. I picked him out without any trouble.
Q. When you picked it out of the—was there anybody suggesting anything to you?
A. No. No.
　　*　　*　　*　　*　　*　　*

Q. O.K. Did the photographs that you saw at the police station, in any way aid or assist you in identifying him at the preliminary hearing?
A. No. Because it had been weeks before and I had forgotten.
Q. O.K. Were you remembering what you saw in the photographs or were you remembering what you saw the night of the—at your house?
A. The night at my house.

testimony should have been given, in *Hair v. State*, 597 P.2d 347 (Okl.Cr.1979), we stated:

> Testimony as to identification need not be received by the jury with caution and indeed may be treated as the statement of fact where (1) the witness had an opportunity to observe the subject clearly, (2) the witness is positive in the identification, (3) the witness' identification is not weakened by a prior failure to identify and (4) the witness' testimony remained positive and unqualified even after cross-examination.

See also, *Roberts v. State*, 620 P.2d 425 (Okl.Cr.1980). We find that Mrs. Trevino had the opportunity to clearly observe the appellant in her home. Her identification was positive, and remained so under cross-examination. Therefore, we find that no substantive rights of the appellant were violated because of the absence of a cautionary instruction, and this assignment of error is without merit.

For the above and foregoing reasons, the judgment and sentence appealed from is AFFIRMED.

BRETT, P.J., and CORNISH, J., concur.