Willard A. YATES, Appellant,

v.

STATE of Oklahoma, Appellee.

No. F–83–491.

Court of Criminal Appeals of Oklahoma.

July 17, 1985.

---

Patti Palmer, Deputy App. Public Defender, Norman, for appellant.

Michael C. Turpen, Atty. Gen., Tomilou Gentry Liddell, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

PARKS, Presiding Judge:

The appellant, Willard A. Yates, was convicted of Murder in the First Degree in the District Court of Pottawatomie County, Case No. CRF-82-147. Appellant was sentenced to life imprisonment. We affirm

the judgment and sentence of the District Court.

On the afternoon of May 8, 1982, appellant purchased a .22 caliber pistol and shells from a T.G. & Y. store in Tecumseh. Appellant falsely stated on the federal handgun registration form that he had never been in a mental institution. Each of the store clerks who assisted appellant testified they observed nothing unusual about his behavior.

After purchasing the pistol, appellant returned to his mother's house, where he lived. As his mother turned to walk out the back door, she was shot five times in the neck, chest and head by the appellant. As appellant left the house, he placed the pistol on a table near his mother's body. Appellant immediately turned himself in to Tecumseh police.

Appellant told the police that his mother was killed because she made him go to bed early, and would not let him live alone. Appellant testified he and his mother had been quarreling for about a week prior to the shooting.

At trial, appellant admitted shooting and killing his mother, but offered the defense of insanity. *See* 21 O.S.1981, § 152. He presented testimony of two experts relating to his past mental health problems and hospitalization, and his current psychological status. Appellant testified in his own behalf that a "spirit" urged him to shoot and kill his mother.

## I.

■ In his first assignment of error, appellant challenges the trial court's decision to admit the opinion of two lay witnesses, his brother and uncle, regarding his sanity at the time of the offense. It is claimed that such testimony was admitted in contravention of 12 O.S.1981, § 2701. We do not agree.

At trial, appellant presented the testimony of a clinical psychologist and a forensic psychiatrist in support of his insanity defense. These experts said the appellant was diagnosed as a paranoid schizophrenic,

and that he could not distinguish right from wrong at the time of the offense. In rebuttal, the State called Jerry Yates, the appellant's brother, and Vernon Dobbs, his uncle, who both testified that in their respective opinions, appellant knew right from wrong at the time of the act.

Section 2701 of the Evidence Code allows the admission of an opinion by a lay witness if the opinion is "[r]ationally based on the perception of the witness" and is "[h]elpful to a clear understanding of his testimony or the determination of a fact in issue." Appellant's brother testified that he had been with the appellant nearly every day in the six months prior to the homicide. He also saw the appellant on occasional fishing and hunting trips. He also had been with appellant on the day before the shooting. Dobbs testified he visited appellant every Sunday, and also had seen him the day before the killing. We believe the close relationship between these witnesses and appellant, together with the importance of their testimony to the determination of appellant's sanity, established a sufficient predicate for the admission of their testimony. *See Moore v. State*, 672 P.2d 1175 (Okl.Cr.1983). This assignment of error is without merit.

## II.

Appellant next asserts the evidence at trial was insufficient to prove beyond a reasonable doubt that he was sane at the time he committed the act, and, therefore, this case must be reversed with instructions to dismiss. We again disagree with appellant's claim.

■ In order to prevail on a defense of insanity, a defendant must first raise a reasonable doubt of his sanity. Once such a reasonable doubt is raised, the burden falls upon the State to prove, beyond a reasonable doubt, that the defendant was able to distinguish right from wrong at the time of the offense. *See Munn v. State*, 658 P.2d 482 (Okl.Cr.1983).

■ In this case, as above noted, two experts testified appellant could not distin-

guish right from wrong at the time of the homicide. This evidence was sufficient to raise a reasonable doubt regarding appellant's sanity. *Id.* at 484. However, the State sought to rebut this proof with the testimony of appellant's relatives. The state had previously presented the testimony of the police officers who arrested and questioned appellant, and the store clerks who sold him the weapon. These latter witnesses reported appellant's behavior on the day of the homicide was not unusual.

Appellant argues that the testimony of his experts was not refuted by the State through similar expert testimony, and, therefore, the State failed in its burden to prove appellant's sanity beyond a reasonable doubt. However, we considered, and rejected, a similar contention in *Tarter v. State,* 359 P.2d 596 (Okl.Cr.1961). In that case, we held:

> This, in substance, was the evidence resulting in the jury's finding of guilt. Their verdict is not supported by the medical proof, but only by that of a few lay witnesses on the question of insanity at the time of the shooting. Nevertheless, it was within their province to believe the testimony of the lay witnesses to the disregard of the medical testimony, if they chose to do so. The law makes no distinction in weighing evidence between expert testimony and evidence of other character, and it is for the jury and not the reviewing court to determine the weight to be given such evidence. *Kobyluk v. State,* 94 Okl.Cr. 73, 231 P.2d 388; *Bingham v. State,* 82 Okl.Cr. 5, 165 P.2d 646; *Toms v. State,* 95 Okl.Cr. 60, 239 P.2d 812; *Alexander v. State,* Okl.Cr., 305 P.2d 572.
>
> Under these conditions, we are bound by the jury's finding concerning this issue of fact, since that is a matter for their determination. Even though the evidence is conflicting, it presents a matter solely for the determination of the jury. *Sadler v. State,* 84 Okl.Cr. 97, 179 P.2d 479.

*Id.* at 600. Applying the principles stated in *Tarter v. State,* to the case at bar, we are obligated to find that appellant's claim is without merit.

### III.

Next, appellant argues the trial court erred in refusing his requested instruction on the lesser included offense of manslaughter in the first degree. We have stated that instructions on a lesser included offense should be given only when there is evidence in the record tending to support the lesser offense. *See Campbell v. State,* 640 P.2d 1364 (Okl.Cr.1982).

■ Appellant argues that this case is indistinguishable from *Tarter v. State, supra,* in which we reversed a defendant's murder conviction for failure of the trial court to instruct on manslaughter in the first degree. However, in *Tarter* evidence existed in the record indicating the defendant did not intend to kill the deceased, but only wished to shoot him in the legs as a means of torture. *Id.* at 600. In this case, on the other hand, the evidence clearly showed that appellant planned to kill his mother and, in fact, deliberately and methodically shot her five times. Under these facts, the jury was presented with only one issue: whether the appellant was guilty as charged, or not guilty by reason of insanity. The trial court's refusal to instruct on manslaughter in the first degree was not error, under the facts of this case.

### IV.

■ Finally, appellant argues the State engaged in improper voir dire and closing argument, and thus infringed on appellant's right to a fair and impartial trial. However, none of the comments complained of were met with an objection at trial. Therefore, because we are unable to conclude that "their combined effect was so prejudicial as to adversely affect the fundamental fairness and impartiality of the proceedings ..." we find this assignment of error without merit. *See Freeman v. State,* 681 P.2d 84, 85 (Okl.Cr.1984), quoting *Cobbs v. State,* 629 P.2d 368, 369 (Okl.Cr.1981).

Accordingly, the judgment and sentence of the District Court should be, and the same hereby is, AFFIRMED.

BRETT, J., concurs.

BUSSEY, J., concurs in results.